

**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

*Keith Gutstein, Esq.*
*Kgutstein@kdvlaw.com*

Kaufman Dolowich & Voluck, LLP

135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

January 30, 2020

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:   Jose Panora v. Deenora Corp. et. al., Docket No.: 19-CV-07267**

Dear Judge Cogan:

This firm represents Defendants Deenora Corp., Dee's Brick Oven Pizza, Inc. ("Dee's"), and Deeran Arabian (collectively, "Defendants") in the above referenced matter. We write, pursuant to the Court's Individual Practices, to respectfully request that the initial conference currently scheduled for February 12, 2020 be converted to a pre-motion conference to discuss Defendants anticipated motion for partial dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). A copy of Plaintiff's Complaint is annexed hereto as Exhibit A. In addition, as Plaintiff has not filed an executed summons, Defendants' deadline to respond the Complaint is presently unknown. Accordingly, out of an abundance of caution, Defendants also respectfully request that the time to respond to the Complaint be extended pending the resolution of this application.

This is a putative FLSA/NYLL class and collective action brought by Jose Panora ("Plaintiff"), who alleges he was employed by Dee's as a Chef from 1995 until 2019. In this capacity, Plaintiff was responsible for the overall management and direction of Dee's' kitchen, including the supervision, hiring, and firing of Dee's' kitchen staff. Thus, although Plaintiff indicated an interest in seeking conditional collective certification under FLSA § 216(b), because Plaintiff was the only exempt employee employed by Dee's, there are no other employees similarly situated to him. Thus, any attempt at conditional collective certification is meritless.

Plaintiff's Complaint asserts nine causes of action five of which are subject to dismissal as a matter of law.

First, Plaintiff alleges that Defendants violated the FLSA and NYLL's minimum wage requirements. However, as Plaintiff claims that he was paid a salary weekly salary of $1,300 (*see* Exhibit A, at ¶ 41), and worked a maximum of 67.5 hours (*see* Exhibit A, at ¶ 46), Plaintiff's First and Second Causes of Action must be dismissed (*see* Exhibit A, at ¶¶ 64-72) because his claimed hourly regular rate of pay of $19.25[1] greatly exceeds both the federal and New York State minimum wage. As such, Plaintiff has no viable minimum wage claim under the FLSA or the NYLL.

---

[1] $1,300/67.5 hours = $19.25 per hour.

Hon. Brian M. Cogan
January 30, 2020
Page 2

Second, Plaintiff's Sixth Cause of Action alleges that Defendants violated NYLL § 162 by failing to provide him with meal breaks. *See* Exhibit A, at ¶¶ 89-93.  However, this cause of action must be dismissed because Plaintiff has no private right of action under NYLL § 162 for the alleged failure to provide meal breaks. *See Haifeng Xie v. Sakura Kai, Inc.,* No. 17-CV-7509, 2019 U.S. Dist LEXIS 62721 at * 24 (E.D.N.Y. Apr. 11, 2019) ("Count VI, asserting a claim under NYLL § 162 for failure to provide meal breaks, fails as a matter of law because there exists no private right of action under this statute."); *see also Hill v. City of New York,* 136 F.Supp.3d 304, 350-51 (E.D.N.Y. 2015) (collecting cases).

Similarly, Plaintiff's Seventh Cause of Action (*see* Exhibit A, at ¶¶ 94-98), asserting a claim under 12 N.Y.C.R.R. § 146-2.1 for Defendants' alleged failure to keep, maintain and preserve employment records, also fails as a matter of law because there is no private right of action under this provision. *See Haifeng Xie,* 2019 U.S. Dist LEXIS 62721 at * 24; *In re Domino's Pizza Inc.,* No. 16-CV-6274, 2018 U.S. Dist. LEXIS 51393, at *19-20   (S.D.N.Y. Mar. 27, 2018) (Dismissing claim under 12 N.Y.C.R.R. § 146-2.1 because "no independent cause of action for violations of New York's recordkeeping requirement exists.").

Finally, Plaintiff's Eighth Cause of Action, alleging a failure to provide a wage notice at the time of hire pursuant to NYLL § 195(1) (*see* Exhibit A, at ¶¶ 99-103), also fails as a matter of law.  Pursuant to NYLL § 198(1-b), an employee only entitled to civil penalties for a violation of NYLL § 195(1) if the employee does not receive a wage notice at the time of hire.  As Plaintiff alleges he was hired in 1995 (*see* Exhibit A, at ¶ 7), long before NYLL §195(1) went into effect, Plaintiff has no cause of action for Defendants' alleged failure to provide him with a wage notice. *See Elvey v. Silver's Crust West Indian Restaurant & Grill,* 18-CV-126, 2019 U.S. Dist LEXIS 112908, at *30 (E.D.N.Y. Jul. 3, 2019) ("Plaintiff cannot recover damages based on Defendants' alleged failure to provide him a wage notice at the time of hiring because he was hired in 2008, prior to the April 9, 2011 effective date of the WTPA."); *Guan Ming Lin v. Benihana New York Corp.,* No. 10 CV 1335, 2012 WL 7620734, at *8 (S.D.N.Y. Oct. 23, 2012) ("Every single one of the class representatives began working before April 9, 2011, the date the WTPA went into effect. Thus, none of them were entitled to receive a wage and hour notice 'at the time of hiring.' Accordingly, if there were a class consisting of employees who are entitled to bring a private right of action to recover damages pursuant to § 198(1-b), none of the putative class representatives is typical of any member of that class."); *Kim v. Kum Gang, Inc.,* No 12 CV 6344, 2015 WL 2222438, at *29-32 (S.D.N.Y. Mar. 19, 2015) (reviewing legislative history of NYLL § 195(1) and citing cases); *Canelas v. A'Mangiare Inc.,* No. 13 Civ. 3630 (VB), 2015 WL 2330476, at *5 (S.D.N.Y. May 14, 2015) ("an employee who began working before the WTPA took effect on April 9, 2011, may not bring a claim for an employer's failure to provide wage notices.").

Accordingly, as the foregoing claims are subject to dismissal, Defendants respectfully request that the February 12, 2020 initial conference be converted to a pre-motion conference in anticipation of their motion to dismiss.

Hon. Brian M. Cogan
January 30, 2020
Page 3


We thank the Court for its continued courtesies.

Respectfully submitted,
Kaufman Dolowich & Voluck, LLP

Keith Gutstein

cc:  Plaintiff's counsel, *by ECF*

4825-8712-6707, v. 1