UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSE PANORA, *on his own behalf and on behalf of*
*others similarly situated*,

Case No.: 19-cv-07267(BMC)

Plaintiff,

-against-

DEENORA CORP d/b/a Dee's; DEE'S BRICK OVEN
PIZZA, INC d/b/a Dee's, and DEERAN ARABIAN a/k/a
Dee Arabian,

Defendants.
-----------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION FOR NEW YORK LABOR LAW <u>MINIMUM WAGE VIOLATIONS</u>

AARON N. SOLOMON, ESQ.
KEITH GUTSTEIN, ESQ.
KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Defendants*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Tel.: (516) 681-1100

4849-1399-0325, v. 1

## PRELIMINARY STATEMENT

Defendants Deenora Corp., Dee's Brick Oven Pizza, Inc. ("Dee's"), and Deeran Arabian (collectively referred to herein as "Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's Second Cause of Action in the Class and Collective Action Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set forth in the Complaint, Plaintiff alleges he worked for Defendants - - a pizzeria - - as a chef from "before 2001" until July 13, 2019. On December 29, 2019, Plaintiff commenced this action against Defendants alleging violations of Plaintiff's rights under, *inter alia*, the New York Labor Law ("NYLL") from December 29, 2013 through July 13, 2019, the relevant statutory period. Plaintiff alleges that during the relevant statutory period, he worked in excess of forty hours per workweek and that Defendants failed to pay him minimum wages.

As described below, Plaintiff has not pled facts to sustain a claim under the NYLL for unpaid minimum wages as Plaintiff was paid in excess of the New York minimum wage rate during the entirety of the relevant statutory period. The Court should thus dismiss Plaintiff's Second Cause of Action on its merits pursuant to Rule 12(b)(6).

## STATEMENT OF FACTS RELEVANT TO THIS MOTION[1]

As drawn from the non-conclusory factual allegations in the Complaint, and as pertinent to Defendants' motion, Defendants are domestic businesses with their principal addresses located at 107-23 Metropolitan Ave, Forest Hills, NY 11375. *See* Plaintiff's Complaint, Dkt. No. 1, ("Compl.") ¶¶ 11, 14. Allegedly "[t]here are around thirty five (35) employees at the pizzeria at any one time. Compl. ¶23. According to Plaintiff, "[f]rom in or around 2006 to April 10, 2018,

---

[1] As this is a motion to dismiss, the non-conclusory, factual allegations in the Complaint are assumed, though not conceded, to be true. In fact, Defendants deny, and if necessary, will vigorously contest Plaintiff's allegations.

[Plaintiff's] regular work schedule ran from: '11:00 to 22:00 from Tuesdays, Wednesdays, and Thursdays'; '11:00 to 23:00 on Friday and Saturday'; and '11:00 to 21:30 on Sundays' for 'a total of sixty-seven and a half (67.5) hours per week.'" Compl. ¶¶ 34-35. Plaintiff alleges that "from April 11, 2018 to July 13, 2019, [his] regular work schedule ran from: '11:00 to 22:00 from Tuesdays, Wednesdays and Thursdays' and '11:00 to 23:00 on Friday and Saturday' for 'a total of fifty-six (56) hours per [week].'"[2] Compl. ¶¶ 36-37. As alleged in the Complaint, "[f]rom April 11, 2018 until July 13, 2019, for roughly 1/3 of the time, however, [Plaintiff claims he] would come in on Sundays to help our for an additional ten and a half (10.5) hours" for "a total of sixty seven and a half (67.5) hours per week." Compl. ¶¶ 38-39. Plaintiff claims that, "from roughly 2011 to April 09, 2018, [he] was paid at a flat weekly rate of One Thousand Three Hundred Dollars in check and cash." Compl. ¶ 41. "Thereafter, from April 10, 2018 to July 13, 2019, [Plaintiff alleges his salary was increased to] a flat weekly rate of Nine Hundred Fifty Dollars ($950) in cash and Three Hundred Ninety Dollars ($390) in check." Compl. ¶ 48. Although Plaintiff alleges he received a salary at or in excess of $1,300, and although Plaintiff claims he worked a total of 67.5 hours, Plaintiff nevertheless alleges that Defendants failed to pay him "at least the New York minimum wage for each hour worked." Compl. ¶ 25.

## **STANDARDS OF REVIEW**

### I.     **FED. R. CIV. P. 12(b)(6)**

Under Rule 8, a pleading "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8's plausibility standard, a pleading's "[f]actual allegations must be enough to

---

[2] Plaintiff's Complaint incorrectly indicates that Plaintiff work "a total of fifty six (56) hours per day."

raise a right to relief above the speculative level." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court elaborated on "facial plausibility" in *Aschroft v. Iqbal,* explaining that a pleading must provide factual allegations that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009). "Although 'detailed factual allegations' are not required, '[a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Cain v. Rambert,* 2013 WL 6194294, at *1 (E.D.N.Y. Nov. 26, 2013) (quoting *Twombly,* 550 U.S. at 555). "Legal conclusions or threadbare recitals of the elements of a cause of action, supported by conclusory statements, should not be credited." *Duffy v. Int'l Union of Operating Eng'rs Local 14-14B,* 795 F. Supp. 2d 246, 253 (E.D.N.Y. 2011) (citing *Iqbal,* 556 U.S. at 678). As a result, where the pleadings only permit a court to *infer* the "mere possibility of misconduct, the complaint has alleged - - but it has not 'show[n]' - - 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alterations in original).

Indeed, in analyzing whether a pleading satisfies Rule 8, "at the outset of a case, Rule 12(b)(6) serves as a type of gatekeeper, preventing claims that fail to satisfy Rule 8's requisites from proceeding onward through the labyrinthine terrain of a case's progression to resolution." *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 455 (E.D.N.Y. 2013). Again, to survive a motion to dismiss under Rule 12(b)(6), the pleading "must include 'enough facts to state a claim that is plausible on its face.'" *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *3 (E.D.N.Y. Aug. 29, 2013) (quoting *Twombly,* 550 U.S. at 570). And when deciding a motion to dismiss, while well-pled claims are ordinarily taken as true, allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679.

## ANALYSIS

### I.  PLAINTIFF'S SECOND CAUSE OF ACTION FOR MINIMUM WAGE VIOLATIONS UNDER THE NYLL MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

Because Plaintiff's regular rate of pay for the first forty hours of weekly work exceeds the minimum wage rate, Plaintiff states no minimum wage claim.  To the extent Plaintiff alleges that he was not compensated for hours above 40, Plaintiff pleads an overtime claim, not a minimum wage claim.  Accordingly, Plaintiff's Second Cause of Action stating a claim for unpaid minimum wages under the NYLL must be dismissed.

Under the NYLL, covered employees are entitled to be paid a minimum wage. NYLL § 652(1); *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011). The NYLL, which has a six-year limitations period, NYLL § 663(3), making December 29, 2013 until July 13, 2019 the relevant period statutory period applicable to this case, prescribed a minimum wage of: $7.25 per hour from December 29, 2013 through December 30, 2013; $8.00 per hour from December 31, 2013 through December 30, 2014; $8.75 per hour from December 31, 2014 through December 30, 2015; $9.00 per hour from December 31, 2015 through December 30, 2016; $11.00 per hour from December 31, 2016 through December 30, 2017[3]; $13.00 per hour from December 31, 2017 through December 30, 2018; and $15.00 per hour from December 31, 2018 through July 13, 2019. NYLL § 652; 12 NYCRR § 146-1.2.

A plaintiff must "allege facts about [his] salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Casci v. Nat'l Fin. Network*, 2015 WL 94229, at *4 (E.D.N.Y. Jan. 7, 2015). Under New York regulations,

---

[3] As Plaintiff alleged Defendants employed thirty-five employees in New York City, taking Plaintiff at his word, Defendants are considered a "large employers of eleven or more employees" under the NYLL from December 31, 2016 until July 13, 2019. 12 NYCRR § 146-1.2(a)(1)(i)(a).

"the regular rate of pay for employees in the hospitality industry is calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." *Martinez v. Alimentos Saludables Corp.*, 2017 WL 5033650, at *14 (E.D.N.Y. Sept. 22, 2017) (citing N.Y.C.R.R. 146-3.5(b)).

Here, using "simple arithmetic," Plaintiff alleges that he was compensated above the New York minimum wage for the entire six-year statute of limitations period. Specifically, Plaintiff alleges that: "from roughly 2011 to April 09, 2018, [Plaintiff] was paid at a flat weekly rate of One Thousand Three Hundred Dollars in check and cash" and "from April 10, 2018 to July 13, 2019, [Plaintiff] was paid a flat weekly rate of Nine Hundred Fifty Dollars ($950) in cash and Three Hundred Ninety Dollars ($390) in check." Compl. ¶¶ 41, 48. Dividing Plaintiff's weekly pay of $1,300 and $1,340 by forty, yields a regular rate of $32.50 per hour from December 29, 2013 to April 9, 2018, and $33.50 per hour from April 10, 2018 to July 13, 2019, both of which are significantly above the minimum wage.

Defendants contend that Plaintiff was not entitled to overtime compensation because he was an exempt employee. But, even if Plaintiff were non-exempt, he has no minimum wage claim because his salary divided by 40 hours yields a regular rate well in excess of the minimum wage. Courts in identical circumstances dismiss NYLL minimum wage claims where a hospitality industry plaintiff's regular rate of pay exceeds the minimum wage rate. *See Romero v. Rung Charoen Sub, Inc.*, 2017 WL 4480758, at *10 (E.D.N.Y. Sept. 30, 2017) (dismissing plaintiff's minimum wage claim where plaintiff's regular rate of pay, as calculated in compliance with the hospitality wage order, exceeded the applicable New York minimum wage rate and was not

intended to cover hours worked in excess of forty)[4]; *Pichardo v. El Mismo Rincon Latino Corp.*, 2018 WL 4101844, at *6 (E.D.N.Y. Aug. 7, 2018), report and recommendation adopted, 2018 WL 4100480 (E.D.N.Y. Aug. 28, 2018) (same); *Lopez v. Royal Thai Plus*, LLC, 2018 WL 1770660, at *7–8 (E.D.N.Y. Feb. 6, 2018), report and recommendation adopted, (E.D.N.Y. Apr. 12, 2018) ("Plaintiff had an hourly wage rate of $17.50 ($700 divided by 40 hours). This hourly wage rate is higher than the applicable minimum wage rate for both 2015 and 2016, and Plaintiff has no NYLL minimum wage claim under this calculation"); *Martinez v. Alimentos Saludables Corp.*, 2017 WL 5033650, at *14 (E.D.N.Y. Sept. 22, 2017) ("The Court divided Martinez's weekly pay of $475.00 and $525.00 by 40 hours, the lesser of 40 hours and the actual number of hours Martinez worked each week. Since the minimum wage rate under the NYLL never exceeded the rate of $11.88 per hour during these periods, the Court concludes that Martinez was paid above the minimum wage while employed by defendants."). To the extent that these decisions award damages for hours above forty, they do so in the context of a claim for unpaid overtime and not unpaid minimum wages. Accordingly, Plaintiff does not state a minimum wage claim under the NYLL. Thus, it is respectfully requested that the Court dismiss Plaintiff's Second Cause of Action.

---

[4] In *Romero,* the Court noted that because the Plaintiff's alleged weekly compensation divided by 40 yielded a regular rate of pay above minimum wage, "Defendants did not violate the minimum wage provisions of the NYLL." *See Romero,* 2017 WL 4480758, at *10.  The Court proceeded to award overtime damages for hours worked above 40. *Id.*, at *12.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court: (1) dismiss Plaintiff's Second Cause of Action alleging unpaid minimum wages in violation of the NYLL pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice; and (2) grant any other and further relief as the Court deems appropriate.

Dated: Woodbury, New York
       February 18, 2020

                            Respectfully submitted,

                            KAUFMAN DOLOWICH & VOLUCK, LLP

                    By:        _____

                            Aaron N. Solomon, Esq.
                            Keith Gutstein, Esq.
                            *Attorneys for Defendants*
                            135 Crossways Park Drive, Suite 201
                            Woodbury, New York 11797
                            (516) 681-1100

4824-7532-8437, v. 1