UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSE PANORA, *on his own behalf and on behalf of others similarly situated*,

                       Case No.: 19-cv-07267(BMC)

                     Plaintiff,

      -against-

DEENORA CORP d/b/a Dee's; DEE'S BRICK OVEN
PIZZA, INC d/b/a Dee's, and DEERAN ARABIAN a/k/a
Dee Arabian,

                     Defendants.
-------------------------------------------------------------------------X

# MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION FOR NEW YORK LABOR <u>LAW MINIMUM WAGE VIOLATIONS</u>

AARON N. SOLOMON, ESQ.
KEITH GUTSTEIN, ESQ.
TAYLOR M. FERRIS, ESQ.
KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Defendants*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Tel.: (516) 681-1100

## PRELIMINARY STATEMENT

Defendants Deenora Corp., Dee's Brick Oven Pizza, Inc. ("Dee's"), and Deeran Arabian (collectively referred to herein as "Defendants"), respectfully submit this reply memorandum of law in further support of their motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Second Cause of Action in the Class and Collective Action Complaint filed on December 29, 2019 ("Complaint"). As stated in the initial moving papers, the Second Cause of Action for unpaid minimum wages under the New York Labor Law ("NYLL"), wholly fails to state a claim upon which relief may be granted.

In their motion, Defendants established entitlement to dismissal of Plaintiff's Second Cause of Action because Plaintiff pleads he was paid a salary in excess of $1,300, which is well in excess of the minimum wage. In his opposition to the motion to dismiss, Plaintiff had no substantive response to Defendants' argument that Plaintiff has not pled facts to sustain a claim under the NYLL for unpaid minimum wages. Not only is Plaintiff's opposition unpersuasive, but Plaintiff fails to cite any cases that support the proposition that an employee who alleges that he was paid well in excess of $1,000 per week can state a minimum wage claim under the NYLL. In fact, the authority that Plaintiff cites to in his opposition papers actually supports dismissal of Plaintiff's NYLL minimum wage claims. *See* Plaintiff's Opposition, Dkt. No. 27, at 4, citing *Romero v. Rung Charoen Sub, Inc.*, 2017 WL 4480758 (E.D.N.Y. Sept. 30, 2017) (dismissing plaintiff's minimum wage claims as plaintiff was paid in excess of the minimum wage for the first forty hours worked).

As stated in Defendants' Memorandum of Law in Support of the Motion to Dismiss, dated February 18, 2020 (the "Initial Memorandum"), the Complaint failed to plead facts to sustain a minimum wage claim under the NYLL, as Plaintiff was paid in excess of the New York minimum

wage rate during the entirety of the relevant statutory period. As such, the Second Cause of Action in the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## ARGUMENT

I. **NOTHING IN PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS REFUTES DEFENDANTS' ARGUMENT THAT PLAINTIFF'S SECOND CAUSE OF ACTION FOR MINIMUM WAGE VIOLATIONS UNDER THE NYLL MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

In this litigation, Defendants contend that Plaintiff was not entitled to overtime compensation because he was properly classified as exempt. However, even if Plaintiff was a non-exempt employee, Plaintiff fails to state a minimum wage claim under the NYLL because Plaintiff's regular rate of pay for the first forty hours of weekly work exceeds the minimum wage rate throughout his employment with Defendants. To the extent Plaintiff alleges that he was not compensated for hours above forty, Plaintiff pleads an overtime claim, not a minimum wage claim. *See* Defendants' Memorandum in Support, Dkt. No. 20, at 6-7 (citing cases).

In Plaintiff's opposition to the motion to dismiss, he offers nothing more than conclusory statements that Defendants did not pay Plaintiff "at least the applicable New York minimum wage 'for each hour worked,'" and "therefore, was considered to be paid nothing for the hours in excess of forty." *See* Plaintiff's Opposition, Dkt. No. 27, at 3, 4.

Plaintiff concedes that he cannot recover damages for both unpaid minimum wages and unpaid overtime for weekly work hours above forty. Yet, even though Plaintiff admits that this Court cannot award minimum wage damages for hours above forty (because that is what overtime damages are for), he strangely argues that Plaintiff's minimum wage and overtime claims overlap. Plaintiff cites no authority supporting this proposition. Instead, Plaintiff relies on a single case, *Romero v. Rung Charoen Sub, Inc.*, 2017 WL 4480758 (E.D.N.Y. Sept. 30, 2017). However, *Romero* actually supports dismissal of Plaintiff's NYLL minimum wage claim. Specifically, in

*Romero*, the Court determined that "[b]ecause each of [plaintiff's] regular hourly rates is greater than the minimum wage during [p]laintiff's employment, [d]efendants did not violate the minimum wage provisions of the NYLL . . ." *Romero*, 2017 WL 4480758 at *10. It is inherent from *Romero,* and other decisions from courts in this circuit, that when a plaintiff alleges that he was paid a salary well in excess of the minimum wage, but also claims that he was not properly compensated under the NYLL for his hours worked in excess of forty, the claims asserted are overtime claims, not minimum wage claims. *See Pichardo v. El Mismo Rincon Latino Corp.*, 2018 WL 4101844, at *6 (E.D.N.Y. Aug. 7, 2018), report and recommendation adopted, 2018 WL 4100480 (E.D.N.Y. Aug. 28, 2018) (dismissing plaintiff's minimum wage claim where plaintiff's regular rate of pay, as calculated in compliance with the hospitality wage order, exceeded the applicable New York minimum wage rate and was not intended to cover hours worked in excess of forty); *Lopez v. Royal Thai Plus*, LLC, 2018 WL 1770660, at *7–8 (E.D.N.Y. Feb. 6, 2018), report and recommendation adopted, (E.D.N.Y. Apr. 12, 2018) ("Plaintiff had an hourly wage rate of $17.50 ($700 divided by 40 hours). This hourly wage rate is higher than the applicable minimum wage rate for both 2015 and 2016, and Plaintiff has no NYLL minimum wage claim under this calculation"); *Martinez v. Alimentos Saludables Corp.*, 2017 WL 5033650, at *14 (E.D.N.Y. Sept. 22, 2017) ("The Court divided Martinez's weekly pay of $475.00 and $525.00 by 40 hours, the lesser of 40 hours and the actual number of hours Martinez worked each week. Since the minimum wage rate under the NYLL never exceeded the rate of $11.88 per hour during these periods, the Court concludes that Martinez was paid above the minimum wage while employed by defendants.").

Accordingly, as Plaintiff fails to state a claim for minimum wage violations under the NYLL, Defendants respectfully request that the Court dismiss Plaintiff's Second Cause of Action.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants' Motion to Dismiss, Defendants respectfully request that the Court: (1) dismiss Plaintiff's Second Cause of Action alleging unpaid minimum wages in violation of the NYLL pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice; and (2) grant any other and further relief as the Court deems appropriate.

Dated: Woodbury, New York
       March 9, 2020

>                    Respectfully submitted,
>
>                    KAUFMAN DOLOWICH & VOLUCK, LLP
>
>                    By: _____
>                         Aaron N. Solomon, Esq.
>                         Keith Gutstein, Esq.
>                         Taylor M. Ferris, Esq.
>                         *Attorneys for Defendants*
>                         135 Crossways Park Drive, Suite 201
>                         Woodbury, New York 11797
>                         (516) 681-1100

4839-4009-3622, v. 1