

**Aaron N. Solomon, Esq.**
Email: ASolomon@kdvlaw.com

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

July 27, 2020

**VIA ECF**
Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: **Panora v. Deenora, Corp. et. al. Docket No.: 19-CV-7267 (BMC)**

Dear Judge Cogan:

  This office represents the Defendants in the above-referenced matter.

  We write to respectfully request that the Court refer this matter to a Magistrate Judge for a settlement conference and to further request that the Court direct Plaintiff to provide Defendants with a settlement demand in advance of said conference.

  As the Court may recall, this is an FLSA/NYLL action in which Defendants contend that Plaintiff was properly classified as an exempt employee. Following a conference held before Your Honor on February 12, 2020, the parties engaged in summary judgment practice before commencing formal discovery. As the Court's order resolving Defendants' motion for summary judgment reflects, there is no dispute that Plaintiff was compensated on a salary basis at a level sufficient to qualify him as "exempt" under the FLSA and NYLL, and that he was the only member of Defendants' kitchen staff compensated on a salary basis. *See Dkt. #.* 35, at pgs. 1-2. The Court found, however, that based upon the affidavits submitted by the parties, an issue of fact exists with respect to the duties that Plaintiff performed and whether same qualify him as exempt.

  Defendants believe that they would prevail at trial. However, Defendants are a small restaurant in Forest Hills whose business has been devastated by the COVID-19 pandemic. Indeed, the effect of the hospitality-industry closures instituted by the State of New York in an effort to "flatten the curve" have caused Defendants to incur a catastrophic loss of revenue from which it is exceedingly difficult to recover. In other words, Defendants' survival is uncertain.

  In an effort to foster potential resolution of this matter, we have explained these facts to Plaintiff and asked Plaintiff if he would be willing to attend mediation. Plaintiff's counsel refused to do so. In a further effort to jump-start settlement discussions, Defendants served an offer of judgment pursuant to Fed. R. Civ. P 68. The 14-day period for Plaintiff to accept that offer came and went without any acceptance by Plaintiff, any attempt by Plaintiff to engage in settlement discussions or even so much as a telephone call.

  The current fact discovery deadline is October 11, 2020. At this time, Plaintiff's responses to Defendants' document requests remain outstanding and depositions have yet to occur. Accordingly, a significant amount of time and resources will have to be expended by both parties

to complete discovery in accordance with the deadline.  Though Defendants resources are scarce, they are willing to do so.  However, Defendants also believe that amicable resolution of this matter should be explored to see if a settlement can be reached and, thereby, mitigating the cost of further litigation.

      Of course, Defendants recognize that the Court cannot force Plaintiff to settle this case.  However, Defendants believe that the Court can direct the parties to attend a settlement conference.[1]  As well, Defendants contend that the Court can direct Plaintiff to convey a settlement demand in advance of same.[2]  Accordingly, Defendants respectfully request that the Court do so.

      Prior to making this application, we sought opposing counsel's consent for same.  No response to our communication has been received.

      Finally, Defendants understand the deadlines that have been set in this matter and intend to comply with same.  Accordingly, Defendants do not seek an extension of the fact discovery deadline.  Defendants understand that if the Court grants this application and directs the parties to attend a settlement conference, discovery will need to proceed concurrently.

      We thank the Court for its continued courtesies.

                                        Respectfully submitted,

                                        Aaron N. Solomon, Esq.

cc: All parties via ECF

---

[1] Indeed, other judges in the Eastern District have standing orders in FLSA cases that require parties to go through an alternative dispute resolution process before formal discovery takes place.  We recognize that this is not this Court's procedure.  We only point this out to support our argument that it is within the scope of a Court's authority to direct parties to engage in settlement discussions.

[2] Notably, many Magistrate Judges direct Plaintiffs to serve an initial demand before a settlement conference takes place.