

**Aaron N. Solomon, Esq.**
Email: ASolomon@kdvlaw.com

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

August 17, 2020

**VIA ECF**
Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Panora v. Deenora, Corp. et. al. Docket No.: 19-CV-7267 (BMC)</u>

Dear Judge Cogan:

    This office represents the Defendants in the above-referenced matter. We write to address Plaintiff's letter, dated today, requesting "clarification" of the Court's order dated August 14, 2020. *See Dkt. # 44.*

    On August 14th, the Court issued an order denying Plaintiff's motion for conditional certification of a collective action. In its order, the Court ruled that:

> "The Court stated at the hearing on 2/21/20 that it would discuss [Plaintiff's motion for conditional certification] after determination of Defendants' motion to dismiss. Plaintiff did not follow up after the decision on the motion to dismiss to obtain leave."

    Defendants believe that the Court's order is clear. Plaintiff had an opportunity to seek permission to move for conditional collective certification after the Court resolved Defendants' motion for dismissal *two months ago*. As Plaintiff failed to timely seek leave to make a motion for conditional certification, Defendants believe that the Court has determined that Plaintiff cannot obtain conditional collective certification now.

    Plaintiff attempts to excuse his failure to timely seek leave to file a motion for conditional certification by pointing out that: 1) Leanghour Lim, the Associate handling this matter has left opposing counsel's firm; and 2) that a "review" of the February 12, 2020 hearing transcript has now caused opposing counsel to suddenly realize that he was supposed to seek leave to file a motion for conditional certification.

    These excuses are meritless. Defendants note that if Ms. Lim has left Mr. Troy's firm,[1] Mr. Troy has neither advised Defendants of same, nor formally sought to withdraw Ms. Lim's appearance for Plaintiff. In any event, Ms. Lim's departure is irrelevant as Mr. Troy has appeared in this action as counsel of record. As such, Mr. Troy bears the responsibility of being aware of

---

[1] Defendants note that conspicuously absent from Mr. Troy's letter is any representation as to *when* Ms. Lim left his firm. Nor does Mr. Troy bother to explain why Ms. Lim's departure prevented *him* from complying with Court directives.

the Court's directives in this action and complying with them.  Accordingly, Mr. Troy cannot blame his failure to timely seek leave to file a motion for conditional certification on the departure of a subordinate lawyer.

Moreover, the conference on February 12, 2020 occurred over *six months ago*.  If Plaintiff was confused about the Court's directives at the conference, Plaintiff had plenty of time to obtain and review the transcript of the proceedings on February 12, 2020.  Indeed, the Court's minute entry from the conference noted the importance of the transcript as it clearly states: "See transcript for details."  It is apparent from Plaintiff's submission that Plaintiff did not bother to review the transcript until now.  If Plaintiff needed any further clarification of the Court's directives on February 12, 2020, he had plenty of time to obtain same.

As Defendants mentioned in their letter to the Court dated August 13, 2020, *see* Dkt. # 42, the fact discovery period expires in *two* months.  For all of the reasons stated in Defendants' letter dated August 13, 2020, conditional certification of a collective action is inappropriate, untimely, and prejudicial to Defendants.  *See Id.*

Accordingly, to the extent that Plaintiff requires any "clarification" of the Court's Order dated August 14, 2020, Defendants respectfully request that the Court confirm that Defendants'' understanding of the August 14th order is correct, that Plaintiff's opportunity to seek leave to file a motion for conditional certification has expired, and that Plaintiff's motion for conditional certification, *see Dkt.* # 39, has been denied with prejudice.

We thank the Court for its continued courtesies.

Respectfully submitted,

Aaron N. Solomon, Esq.

cc: All parties via ECF