**EXHIBIT A**

```
                                                                    1

         UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -  X

JOSE PANORA,                  :
                                        19-CV-7267(BMC)
          Plaintiff           :


          -against-           :
                                        United States Courthouse
                                        Brooklyn, New York
DEENORA CORP, et al.          :
                                        February 12, 2020
          Defendants.         :         10:15 a.m.

- - - - - - - - - - - - - -  X

         TRANSCRIPT OF PREMOTION CONFERENCE
        BEFORE THE HONORABLE BRIAN M. COGAN
            UNITED STATES DISTRICT JUDGE
APPEARANCES:


For the Plaintiff:        TROY LAW PLLC
                          41-25 Kissena Boulevard
                          Suite 103
                          Flushing, New York

                          BY: LEANGHOUR LIM, ESQ.


For the Defendants:       KAUFMAN, DOLOWICH, VOLUCK & GONZO, LLP
                          135 Crossways Park Drive
                          Suite 201
                          Woodbury, New York 11797

                          BY: KEITH J. GUTSTEIN, ESQ.


Court Reporter:           Andronikh M. Barna
                          225 Cadman Plaza East
                          Brooklyn, New York
                          (718) 613-2178

Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.
```

Andronikh M. Barna, Official Court Reporter, RPR, CRR

2

1  THE CLERK: Panora versus Deenora Corp., et al.
2  Docket No. 19-CV-7267.
3  Counsel, please state your appearances, starting
4  with the plaintiff.
5  MS. LIM: Good morning, Your Honor. This is
6  Leanghour Lim from Troy Law, attorney for plaintiff.
7  THE COURT: Good morning.
8  MR. GUTSTEIN: Good morning, Your Honor. Keith
9  Gutstein from Kaufman, Dolowich, Voluck on behalf of all
10 defendants.
11 THE COURT: Good morning.
12 MR. GUTSTEIN: Good morning.
13 THE COURT: Well, first, I think we have pretty much
14 resolved the proposed motion to dismiss the complaint. As I
15 understand it, Claims 1, 6, 7, and 8 are being withdrawn by
16 the plaintiff, right?
17 MS. LIM: Your Honor, I believe that we included in
18 our letter response that we are willing to consent to
19 stipulate to withdraw Clause No. 8, which is refer to the time
20 of hire -- time of hire violation.
21 THE COURT: Right. But 6 and 7 also, there is no
22 private cause of action.
23 MS. LIM: Yes, Your Honor. We did include in our
24 letter that we will defer to the Court, so --
25 THE COURT: I am sorry, sit down and talk into the

3

1  mike, if you do not mind.
2           MS. LIM:  Your Honor, we include in the letter that
3  we will defer the decision with regard to other clause to the
4  Court.
5           THE COURT:  Right.  So 6, 7, and 8 are withdrawn.
6           MS. LIM:  Yes, Your Honor.
7           THE COURT:  Okay.  And 1 is also withdrawn because
8  that is the federal minimum wage claim and your guy was
9  getting at least $19 an hour or something like that, $18 an
10 hour.  So, 1 is withdrawn as well.
11          MS. LIM:  Yes, Your Honor.
12          THE COURT:  Okay.  And then that only leaves us with
13 2, the state minimum wage claim.  Now, it is asserted in your
14 letter that when somebody works more than 40 hours under state
15 law, they are considered to receive zero for the hours in
16 excess of 40, and therefore, there is an automatic minimum
17 wage violation because they have received zero for those
18 hours.  You did not cite me any cases for that.  I think it is
19 a very strange contention, and I do not see how you could
20 maintain it if, in fact, you are also suing for unpaid
21 overtime for those same hours.  You know, it cannot be unpaid
22 minimum wage because it is zero and unpaid overtime based on
23 some other wage for those hours.  You cannot have both.
24          MS. LIM:  Your Honor, how we view it is that in
25 terms -- for the purpose of calculation, it will not make any

4

1  difference between the minimum wage and overtime here, but we
2  believe that that's inherently a minimum wage claim under the
3  New York Labor Law.  That's what we believe.
4              THE COURT:  You did not cite me any authority for
5  that, and I do not see why it would be any different than
6  federal law.  You take the total number of hours, you divide
7  them by the amount received, and if it is above the minimum
8  New York State wage, then there is no minimum wage claim.
9  There still may be an overtime claim, but there is no minimum
10 wage claim.  Now, if you want to litigate that, I will tell
11 the defendant to go ahead and make a motion.  But I am telling
12 you where it comes out.
13             MS. LIM:  Your Honor, if I may, I would propose that
14 we would like to discuss that, confer with defense counsel
15 whether we can resolve this issue as well, because we believe
16 that it will not make any difference in terms of calculation.
17 And if we can avoid the motion practice, we will try to avoid
18 that.
19             THE COURT:  Well, I will let you talk to the
20 defendant and see if you can work it out, but I do not agree
21 with your point that it does not make my difference to the
22 calculations.  Right now, the way this complaint is
23 structured, you are getting double pay for those over
24 40 hours.  Everything over 40 hours, under your theory, you
25 are seeking minimum wage because there is zero and you are

5

1 seeking overtime, and so that is a double recovery for those
2 hours.
3          Now, if it was really minimum wage, you know, a
4 failure to pay minimum wage, maybe you would be entitled to
5 that, but I do not see how you would do that.
6          Anyway, talk to him.  I am going to say that if you
7 cannot work that out, the defendant can file a motion on that
8 within a week.  And it can be very brief, as I understand it.
9          And I think that is the only potential motion we
10 have left as to Count 2; is that right?  Is there anything
11 else with the withdrawn counts that we have to worry about?
12          MR. GUTSTEIN:  That's me, Your Honor.  I agree,
13 there's no other basis for the motion.
14          THE COURT:  So you will see if you can work out
15 Count 2.  Counts 1, 6, 7, and 8 are withdrawn.  And then we do
16 not need to do an amended complaint.  I am just going to deem
17 the complaint to have those causes of action stricken.
18          Okay.  Now let us talk about the collective action
19 motion.  I take it the defendants' main point is that this guy
20 is subject to the executive exemption.  And if he is subject
21 to the executive exemption, then he is not going to be
22 similarly situated to other employees.
23          MR. GUTSTEIN:  That's correct, Your Honor.
24          THE COURT:  Okay. And you tell me that the reason
25 he is subject to the executive exemption is because he has

1  control of the kitchen, including supervising, hiring and
2  firing of kitchen staff.
3              MR. GUTSTEIN:  Yes, Your Honor.  He is a -- if I
4  may?  Yes, sir.
5              He was a member of management, has been a member of
6  management for quite some time.
7              THE COURT:  That is a conclusion.  You have to tell
8  me what he does that makes him management.
9              MR. GUTSTEIN:  Fair enough.  Fair enough.
10             Oversees the kitchen, hires and fires all the
11 kitchen staff -- there's at least 6 to 10 members of the
12 kitchen staff that he is solely responsible for hiring and
13 supervising -- sets the menu, is in charge of all maintenance
14 and cleanliness.  He is a chef, as opposed to a line cook.  So
15 there's -- the line cooks, the dishwashers, the pizza man, the
16 grill man all report directly to him, Your Honor.  And I don't
17 want it to be a conclusion, Your Honor, but also in the
18 handbook, they refer to him as a member of management.  You
19 know, this is a -- he's treated differently than everybody
20 else that plaintiff's counsel would like to incorporate into
21 the collective.  He's paid a generous salary and was always
22 treated as management.  So, therefore, our conclusion is that
23 he's exempt and the conclusion would be that he's not
24 similarly situated.
25             THE COURT:  Okay.  Is there any factual dispute

7

1  about what defense counsel just said?
2          MS. LIM:  Your Honor, I would like to mention that
3  plaintiff in this case has been work -- he had been working
4  for the pizza house for a very long time, for over 20 years,
5  starting as a dishwasher and then promoted as a salad person
6  and then becoming a chef.  So according to -- based upon the
7  long employment period with the pizza house and he become a
8  chef, it's logical that he would have some -- it's logical
9  that the sensible employer would listen to the recommendation
10 with regard to the employee within the kitchen.
11         THE COURT:  Is it recommendation or is it power?
12 Can he fire and hire whoever he wants?
13         MS. LIM:  He would have some power to supervise all
14 the kitchen worker as a chef, but I do not believe he has the
15 power to hire those employees at all, Your Honor.  Because
16 there's another manager who manage all the schedule, all the
17 compensation, the payment of all employees.
18         THE COURT:  Including the plaintiff's?
19         MS. LIM:  Yes, Your Honor.  And that's another boss,
20 which is one of the defendants in this case.
21         THE COURT:  Okay.  So we have got a mixed issue of
22 law and fact as to whether the executive exemption applies.
23 If I were to find that it does apply, well, then I guess the
24 case is over, at least the FLSA case is over.  And if it does
25 apply, it might be moot, but it also seems to me that he could

Andronikh M. Barna, Official Court Reporter, RPR, CRR

8

1  not serve as the collective representative because he would be
2  in a different position than everybody else.
3            Is everybody else, and I take it the other
4  employees, are they getting the same kind of flat salary that
5  he is?
6            MS. LIM:  Yes, Your Honor.  He may get more salary,
7  but still flat salary.
8            THE COURT:  Okay.  All right.  Well, I think what we
9  better do is tee up the executive exemption issue before we do
10 collective action because the case is going to rise or fall on
11 that.  So I am going to ask the defendant within two weeks
12 make a motion as to that; that is, to dismiss the case based
13 on -- at least dismiss the federal claims.  And I can tell you
14 I will decline the state claims if I dismiss the federal
15 claims based on the executive exemption.  I guess that is
16 technically a summary judgment motion, not a motion to
17 dismiss.  But that is okay, make it as a summary judgment
18 motion.  And all of the facts, I think, to oppose that motion
19 are within plaintiff's personal knowledge, so I do not think
20 it will require any discovery.  But let us have the opposition
21 due two weeks after that.  If the plaintiff feels that he
22 needs some discovery to oppose the motion, you can put that
23 into the opposition papers and request that discovery.  I do
24 not think it will be necessary, but I will consider it if I
25 hear plaintiff's arguments that it is.

Andronikh M. Barna, Official Court Reporter, RPR, CRR

9

```
 1              And I do not want to do anything else yet until I
 2   resolve that motion.  Because I think this case may well go
 3   away if the defendant is correct, which, of course, I have no
 4   idea if the defendant is correct or not, but let us see what
 5   the parties have.
 6              Okay.  That is as far as I want to go right now.
 7   Okay?
 8              Anything else that we need to discuss?
 9              MR. GUTSTEIN:  No, Your Honor, just the two weeks
10   from today, is there a date certain that the motion should be
11   filed?
12              THE COURT:  Yes.  I will put it in the minute order.
13   I am just not calculating it in my head.
14              MR. GUTSTEIN:  Thank you, Your Honor.
15              THE COURT:  Whatever two weeks from today is.
16              MR. GUTSTEIN:  Okay.  That's fine.
17              THE COURT:  Okay.  Thank you, all.
18              MR. GUTSTEIN:  Thank you, Judge.
19              MS. LIM:  Thank you, Your Honor.
20              (Matter concluded.)
21                   *    *    *    *    *
22   I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.
23
24        /s/ Andronikh M. Barna                August 13, 2020
25         ANDRONIKH M. BARNA                        DATE
```

Andronikh M. Barna, Official Court Reporter, RPR, CRR