

*Taimur Alamgir*
talamgir@kdvlaw.com

Kaufman Dolowich & Voluck, LLP

135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

September 18, 2020

**Via ECF**
Honorable Brian M. Cogan, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Jose Panora v. Deenora Corp., et al.*, **E.D.N.Y. Case No. 19-CV-7267 (BMC)**

Dear Judge Cogan:

  We represent Defendants in this case. By this letter, we respectfully request sanctions against Plaintiff and his counsel, John Troy, Esq., pursuant to Fed. R. Civ. P. 26(g), 28 U.S.C. § 1927, and the Court's inherent power (or a pre-motion conference in anticipation of a motion for same). Mr. Troy knowingly certified false discovery responses, in violation of Rule 26(g). Then, when confronted about this violation, Mr. Troy responded with unfounded accusations against our clients and outrageous threats of reprisal against us (including that of a frivolous grievance complaint). As further explained below, sanctions against Mr. Troy and his client are warranted.

  Defendants asked Plaintiff to produce "all communications including… text messages between Plaintiff and Daniel Perez (including, but not limited to, all communications concerning Plaintiff's employment and/or job duties during the period of Plaintiff's employment)." Ex. 1, No. 92. Text messages between Plaintiff and Mr. Perez, who worked under Plaintiff in the kitchen at Defendant's restaurant for over a decade, are plainly relevant as they include directives to Mr. Perez, requests for and approvals of changes to Mr. Perez's work schedule, and other exercises of managerial authority by Plaintiff. Such evidence undercuts Plaintiff's misclassification claim.

  Apparently reluctant to produce discovery damaging to Plaintiff, Mr. Troy initially responded to Request No. 92 with a frivolous series of objections. Ex. 2.[1] We pointed out to Mr. Troy that his objections were meritless and further reminded Mr. Troy of his obligation to produce documents responsive to our request, or advise that none exist. *See* Ex. 3. We then extended Mr. Troy the courtesy of an extra week to supplement his deficient response. On September 12, 2020, Mr. Troy supplemented his production with a single screenshotted text message exchange between Plaintiff and Mr. Perez, dated June 29, 2018, concerning Plaintiff's directives with respect to the preparation of chicken. Ex. 4. Mr. Troy also gave us a signed supplementary response stating that, aside from the lone chicken-related exchange, Plaintiff has no responsive documents. Ex. 5.

---

[1] Plaintiff's response to Defendants' document requests are mis-numbered. As such the Court is respectfully directed to Paragraph 91 of Plaintiff's responses which responds to the request for communications with Danny Perez.

Defendants have come to learn that Mr. Troy's signed supplemental response is fraudulent. In this regard, Mr. Perez has provided a sworn declaration enclosing *two additional text message exchanges with Plaintiff from 2019, postdating the 2018 chicken-focused exchange*.[2] Ex. 6, Perez Decl. Exs. B and C. In these exchanges, Plaintiff displays managerial authority by granting requests by his subordinate Mr. Perez to modify Mr. Perez's work schedule. *Id*. Indeed, Mr. Perez addresses Plaintiff in these requests for schedule adjustments using the Spanish honorific "Don", in a show of deference and respect to Plaintiff as his boss. *Id*.

Based on the foregoing, during a September 14, 2020 meet and confer call, we advised Mr. Troy's associate, Aaron Schweitzer, that we believed Mr. Troy's false response contravened Rule 26(g). Confirming a Rule 26(g) violation, Mr. Schweitzer told us that an untold number of texts that opposing counsel did not deem "work-related" – i.e., *directly tied to preparation of food* – were withheld, even though Mr. Troy's supplementary response failed to specify this. Such a self-serving interpretation of our request, could not possibly have been taken in good faith. Simply put, Mr. Troy, knowing that Plaintiff had more text messages with Mr. Perez, lied to Defendants when he certified that Plaintiff was not in possession of additional responsive text messages.

Mr. Troy has since exacerbated his Rule 26(g) violation with unsupported accusations, truculence and a remarkable degree of unprofessionalism. Such improper conduct is further cause for sanctions. In an incoherent late-evening email, Mr. Troy affirmed Mr. Schweitzer's earlier information regarding the improper "work-related" restriction Plaintiff unilaterally imposed on production. He then accused Defendants of discovery violations. Ex. 7, p. 6.

Continuing in this unfortunate vein, Mr. Troy has since baselessly accused Defendants of acting improperly by speaking with Plaintiff directly. This is despite the fact that Mr. Troy has previously acknowledged anodyne communications between represented parties (such as those at issue, *see* Ex. 8) are lawful. It is telling that Mr. Troy failed to notify us that he has any concern as to substance of such communications[3] until after we raised his Rule 26(g) violation. *See* Ex. 7, pp. 2-3. Worse, Mr. Troy has threatened to file a frivolous grievance complaint against Mr. Solomon, in another effort to gain improper advantage in these proceedings, and to distract attention from his Rule 26(g) violation. *See* Ex. 7, p. 3.

In pertinent part, Rule 26(g)(2) provides that "every discovery… response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, ... [which] constitutes a certification that to the best of the signer's knowledge, information, and belief, *formed after a reasonable inquiry,* the request, response, or objection is (A) consistent with [the Federal Rules] and warranted by existing law or a good faith

---

[2] Mr. Perez voluntarily provided these text messages to Defendants. Mr. Perez states that, for years, Plaintiff used the same phone number to communicate with him. Based on common sense and my experience as an iPhone user since 2015, I can speak to the reality that Plaintiff undoubtedly has text messages that he did not produce.

[3] This also applies to purported communications between Plaintiff and Robert Denes, who is a non-party and, moreover, an autonomous actor. Moreover, the dissonance between Mr. Troy's repeated assertions that Mr. Denes is a "longtime friend" of Plaintiff, and his conflicting assertions that Mr. Denes is a pawn of Defendants acting against Plaintiff's interests – both of which feature in his recently-filed reply brief (ECF No. 54) -- is telling. *See* Dkt. 54, at pg. 7. We did not direct Defendants (or Mr. Denes) to contact Plaintiff. However, even if Mr. Denes told Plaintiff that he might have to pay Defendants' costs if Plaintiff did not accept an offer of judgment, *Id.*, there is no reason for concern. Indeed, if Mr. Troy is properly advising his client, Plaintiff would have already known that he may become liable for costs under Rule 68. Thus, Mr. Denes' alleged statement should not have come as a surprise to Plaintiff.

September 18, 2020
Page 3

argument ...; (B) not interposed for any improper purpose ...; and (C) not unreasonable or unduly burdensome." (emphasis in original). Significantly, it is **mandatory** that the Court impose sanctions for an improper certification against the offending party and/or counsel unless the violation was "**substantially justified**." Fed. R. Civ. P. 26(g)(3) (emphasis added); *see, e.g.*, *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, 10-cv-2618-JBW, 2011 WL 3471508, at * 7 (E.D.N.Y. Aug 5, 2011) (Weinstein, J.) (imposing sanctions under Rule 26(g)); *Henry v. Morgan's Hotel Grp., Inc.*, No. 15 CIV. 1789 (ER), 2018 WL 502711, at *14 (S.D.N.Y. Jan. 22, 2018) (issuing Rule 26(g) sanctions, including a monetary award and a preclusive order).

Here, there is no plausible good-faith basis for Mr. Troy's certification of responses he knew were fraudulent. In this regard, Mr. Troy is no doubt familiar with Rule 26(g) (he was sanctioned under Rule 26(g) just last year[4]), yet clearly nevertheless failed to "stop and think about the legitimacy of" his responses. *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, 212 F.R.D. 178, 221 (S.D.N.Y. 2003).  Mr. Troy was clearly motivated by a desire to avoid producing relevant material that demonstrates that Plaintiff was exempt.  Rule 26(g) sanctions are richly merited, as Mr. Troy's illegitimate and self-serving rationale does not justify his false certification of this response at all.

Likewise, Mr. Troy's subsequent bad-faith conduct, including his retaliatory, frivolous, and unethical[5] threats to initiate a grievance proceeding against Mr. Solomon, merit sanctions under § 1927 and the Court's inherent power.

Sanctions are plainly warranted at bar as prejudice to Defendants is manifest. Owing to Mr. Troy's intentional certification of false responses, Defendants have been deprived of evidence that directly contradicts the allegation at the kernel of Plaintiff's claim – namely, that Plaintiff was improperly deprived of overtime pursuant to the executive/managerial exemption. Due to Mr. Troy's ongoing improper conduct, Defendants (whose restaurant continues to suffer under COVID-related restrictions) have had to needlessly expend fees in motion practice and in investigating and responding to Mr. Troy's baseless accusations and threats. Accordingly, Defendants respectfully request that the Court either preclude Plaintiff from arguing that he did not exercise managerial authority or, alternatively, order Plaintiff to submit his cellphone to an ESI provider designated by Defendants, for imaging at Plaintiff's own cost.[6] Substantial monetary sanctions in the amount of fees incurred by Defendants are also warranted.

Finally, we note that depositions are scheduled for October 8th and 9th.  The fact discovery deadline is October 11, 2020.  This deadline has never been extended.  As we believe it is imperative to resolve opposing counsel's misconduct before depositions occur, we respectfully request that the Court grant an appropriate extension of the fact discovery period.

---

[4] *See Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, 331 F.R.D. 568, 575 (S.D.N.Y. 2019) (Woods, J.) ("… because the imposition of sanctions against Mr. Troy serves the interests of personal and general deterrence, the Court imposes sanctions on Mr. Troy personally…").

[5] Mr. Troy's threat violates Rule 3.4 of the New York Rules of Professional Conduct, which has been interpreted to proscribe grievance threats made solely to obtain advantage in a civil action. *See, e.g.*, *In re Dimick*, 105 A.D.3d 30, 960 N.Y.S.2d 369 (1st Dep't 2013) (per curiam).

[6] As Plaintiff's counsel has already been caught lying, Defendants simply cannot trust Plaintiff's counsel to ethically and completely supplement Plaintiff's text message production.  Also, supplementation of Plaintiff's production does not cure Plaintiff's violation of Rule 26(g).

September 18, 2020
Page 4

      We thank Your Honor for considering this matter.

                                          Respectfully Submitted,
                                          KAUFMAN DOLOWICH & VOLUCK, LLP

                                    By: _____
                                         Taimur Alamgir, Esq.

cc:     All counsel, via ECF (exhibits redacted on ECF provided in unredacted form via e-mail).