# EXHIBIT 3



**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

Aaron Solomon Esq.
asolomon@kdvlaw.com

Kaufman Dolowich & Voluck, LLP

135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

September 3, 2020

**VIA EMAIL AND FIRST CLASS MAIL**
John Troy, Esq.
Troy Law, PLLC
*Attorneys for Plaintiff*
41-25 Kissena Blvd. #103
Flushing, New York 11355
Tel.: (718) 762-1324
troylaw@troypllc.com

      Re:    **Jose Panora v. Deenora Corp d/b/a Dee's, et al.**
                 **Case No.: 19-cv-7267 (BMC)**
                 **KDV File No.: 006420-0002**

Dear John:

      In accordance with Local Rule 37.3 and the Court's Individual Practices, I write to address Plaintiff's deficient responses to Defendants' First Set of Interrogatories and Defendants' First Request for the Production of Documents. I invite you to meet and confer with me on September 8th or September 9th to discuss the deficiencies addressed herein in further detail in the hope that we can avoid judicial resolution of these issues.

### A. Plaintiff's Document Production

      On August 23, 2020, Plaintiff asked for a two-week extension of his deadline to serve a document production and responses to discovery requests. Plaintiff sought this extension "because of the volume of documents produced." The very next day, after an agreement on the length of an extension could not be reached, Plaintiff propounded a document production containing less than 400 pages of material. You refused to tell me if Plaintiff's document production is complete.

      As the timing of Plaintiff's document production is suspect in light of his request for an extension due to the "volume" of responsive material, we are concerned that Plaintiff has withheld documents responsive to our discovery requests. Accordingly, please confirm that Plaintiff has produced all responsive documents in his possession, custody, or control. If Plaintiff has not done so, then please let us know when additional material will be produced.

*John Troy, Esq.*
*September 3, 2020*
*Page 2*

### B. Plaintiff's Responses to Defendants' Document Requests

In response to the majority of Defendants' document requests, Plaintiff asserts the following objection:

> "Plaintiff objects to this request on the grounds that it is equally or better available with the Defendants because it is the Defendants responsibility to maintain all the employment records including the above-requested documents."

This objection is without basis. Plaintiff is not absolved from producing responsive documents that are in his possession, custody, or control merely because he believes that Defendants have access to similar information. Accordingly, please let us know if Plaintiff has withheld any documents responsive to any request on the basis of this objection. If Plaintiff has withheld documents on the basis of this objection, Plaintiff must identify the requests in response to which documents have been withheld.

With respect to document request 84, Plaintiff's efforts to find outside work during the period of Plaintiff's employment with Dee's is relevant as same bears directly on Plaintiff's claimed work hours. Accordingly, responsive documents must be produced. However, as Plaintiff's responses do not indicate if responsive documents have been withheld, please let us know if plaintiff is not in possession of any responsive documents despite his objection.

With respect to document request 91, Plaintiff's communications with Daniel Perez are directly relevant to this case as they may touch on a variety of topics including, but not limited to, Plaintiff's job duties. Plaintiff does not indicate if he is withholding documents on the basis of his objections. Plaintiff must either produce responsive documents (because Plaintiff's objection is without basis), or advise Defendants that there are no responsive documents in his possession, custody, or control.

With respect to document request 109, Plaintiff asserts no objection. Please let us know if all responsive documents have been produced.

With respect to document request 120, please let us know if all responsive documents have been produced or whether Plaintiff is withholding documents on the basis of his objections.

### C. Plaintiff's Responses to Defendants' Interrogatories

Initially, we note that although Plaintiff served his responses to Defendants' Interrogatories on August 24, 2020, he has not provided a verification. As Plaintiff must verify his interrogatory responses, please let us know when we can expect to receive Plaintiff's verification.

*John Troy, Esq.*
*September 3, 2020*
*Page 3*

Notably, throughout Plaintiff's interrogatory responses, Plaintiff identifies various individuals other than Defendants but fails to provide full names or contact information for these individuals. Plaintiff must provide full names contact information for each individual identified to the extent such information is within is knowledge, possession, custody, or control.

Interrogatory No. 4 requires Plaintiff to, amongst other things, describe his job duties. Plaintiff does not do so. Nor does plaintiff interpose any objection to this interrogatory. Accordingly, Plaintiff must supplement his response to describe his job duties. Defendants will agree to limit the scope of this interrogatory to seek a description of the job duties associated with any position occupied by Plaintiff within the last six years of his employment at Dee's restaurant.

Interrogatory No, 10 requires Plaintiff to identify each and every witness with knowledge of work performed by Plaintiff for any other company or business other than the Corporate Defendants at any time during the period of December 29, 2013 to the date when Plaintiff's alleged employment ended. Plaintiff asserts no objection to this interrogatory. Instead, Plaintiff admits that he left Dee's restaurant to work for "another company" for two days in 2018. However, Plaintiff does not identify this other "company" or any individuals affiliated with said "company" who have knowledge of Plaintiff's employment with that company. Plaintiff must supplement his response to identify these individuals.

Interrogatory No. 14 requires Plaintiff to identify all communications with persons other than Plaintiff's attorneys with whom Plaintiff has discussed any of his claims, or the intent of Plaintiff or others to bring or others to bring claims against Defendants.

Contrary to Plaintiff's objections, this interrogatory is not overbroad or ambiguous as it clearly seeks limited information about communications Plaintiff made concerning his *claims* in this case, or the intent of Plaintiff or others to bring claims against Defendants. Notably, to the extent that Plaintiff asserts that responding to this interrogatory is "unduly burdensome," it is clear that Plaintiff has in fact communicated with others (apart from his counsel) concerning his claims or the intent of himself or others to bring claims against Defendants. Indeed, if Plaintiff did not engage in any such communications, then responding to this interrogatory should not be "burdensome" because Plaintiff can simply state that he has no responsive knowledge. Moreover, responding to this interrogatory is not difficult as it merely requires Plaintiff to recall the individuals with whom he has communicated, identify them, and produce his communications with them. Defendants do not expect Plaintiff's brain to operate as a "rolodex." Plaintiff must provide contact information for each individual he identifies only to the extent that he has such information. Finally, though Plaintiff objects to this interrogatory on the grounds that it seeks "work product," this interrogatory does not call for plaintiff to reveal trial strategy. Rather, it only asks plaintiff to identify all responsive communications with third parties. This interrogatory does not ask Plaintiff to reveal which of these persons he will call as a witness at trial or to tell defendants what communications he will use as evidence before a fact-finder. As Plaintiff's objections to this interrogatory are without basis, Plaintiff must provide a complete response to this interrogatory.

*John Troy, Esq.*
*September 3, 2020*
*Page 4*

With respect to Interrogatory No. 20, please let us know if Plaintiff has identified all individuals with responsive knowledge or whether Plaintiff has refused to identify certain individuals on the basis of his objections.

I look forward to meeting and conferring with you next week in the hope that we can resolve the foregoing deficiencies without judicial intervention.

                **KAUFMAN DOLOWICH & VOLUCK, LLP**

By: _____

Aaron N. Solomon, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Tel.: (516) 681-1100
asolomon@kdvlaw.com
*Attorneys for Defendants*

4814-7548-8713, v. 1