# EXHIBIT 5

TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF NEW YORK**
-------------------------------------------------------------------- x

JOSE PANORA,

*on his own behalf and on behalf of others similarly situated*

                Plaintiff,

      v.

DEENORA CORP

    d/b/a Dee's;

DEE'S BRICK OVEN PIZZA, INC

    d/b/a Dee's; and

DEERAN ARABIAN a/k/a Dee Arabian

                Defendants.
-------------------------------------------------------------------- X

Case No. 19-cv-07267

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

      Plaintiff JOSE PANORA, on behalf of himself and others similarly situated, by the undersigned counsel, John Troy of TROY LAW, PLLC, pursuant to Rule 34 and Local Rule 26.3 hereby provides responses and objections to Defendants' interrogatories as follows:

**SUPPLEMENTAL RESPONSES**

**DOCUMENT PRODUCTION REQUEST 84**. Produce all documents in Plaintiff's possession, custody, or control detailing any efforts by Plaintiff to obtain full or part-time employment or earn money, whether as an employee, owner or self-employed individual or in any other capacity, with any person or entity during the period(s) of Plaintiff's employment with Defendants, including but not limited to employment or work applications, resumes, job offers, wage, time and attendance records, hours worked, salary or commission payment information, authorization(s) for deduction or withholding of pay, fringe benefit information, leave records, employee or work history, job title, dates of employment or other work, employment or work duties, attendance records and schedules for work.

**Supplemental Response:**

Plaintiff objects to the scope of this interrogatory because it seeks information that is outside scope of the subject matter of this action and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, especially since efforts by Plaintiff to obtain outside employment has no bearing to Plaintiff's wage-and-hour case.

Notwithstanding the above objection, Plaintiff directs Defendants to Plaintiff's Document Production 389. Besides this, Plaintiff has no other documents that are responsive to this request.

Plaintiff reserves the right to amend, modify and supplement this response.

**DOCUMENT PRODUCTION REQUEST 91**. Produce all communications including, but not limited to, all letters, e-mails, and/or text messages, between Plaintiff and Daniel Perez (including, but not limited to, all communications concerning Plaintiff's employment and/or job duties during the period of Plaintiff's employment).

**Supplemental Response:**

Plaintiff objects to this request on the grounds that it is equally or better available with the Defendants because it is the Defendants' responsibility to maintain all the employment records including the above requested documents. Further, Plaintiff's communication with Daniel Perez has no bearing on the wage-and-hour matter.

Notwithstanding the above objection, Plaintiff directs Defendant to Plaintiff's Document Production 390. Besides this, Plaintiff has no other documents that are responsive to this request.

Plaintiff reserves the right to amend, modify and supplement this response.

**DOCUMENT PRODUCTION REQUEST 109**. Any and all content on any social media sites, apps, and/or other platforms (including, but not limited to Facebook, Twitter, LinkedIn, Pinterest, Mylige, Instagram, Reunion, YouTube, Foursquare, Tumblr, Reddit, StumbleUpon, Caffine, Lasso, House Party, and Tik Tok, etc.) created or maintained by Plaintiff (including online profiles, status updates, postings, photos, videos, recordings, likes, messages (including, without limitation, tweets, replies retweets, direct messages, instant messages and blog entries), wall comments, other communications, causes joined, groups joined, activity streams, or any other information) that concern:

a. One or more allegations set forth in the Complaint;

b. One or more facts or defenses raised by Defendants;

c. Deeran Arabian;

d. Plaintiff's compensation during his alleged employment with Defendants;

e. Complaints about unpaid compensation;

f. Plaintiff's duties and responsibilities during his employment with Defendants;

g. Statements and/or communications concerning this action;

h. Plaintiff's alleged damages;

i. Communications with any current or former of Defendants: (i) who has been identified by the Parties in their Initial Disclosures or as a potential witness; or (ii) concerning any of the foregoing topics or other topics, events or issues referenced in Defendants' other document requests and/or interrogatories.

**Supplemental Response:** Besides document already produced, Plaintiff has no documents responsive to this request. Plaintiff reserves the right to amend, modify and supplement this response.

120. **DOCUMENT PRODUCTION REQUEST 120**. All documents and/or communications concerning the training of kitchen staff discussed in Paragraph 22 of Plaintiff's Affidavit.

**Response:**

Plaintiff objects to this request on the grounds that it is equally or better available with the Defendants because it is the Defendants' responsibility to maintain all the employment records including the above requested documents.

Notwithstanding and subject to the above object, Plaintiff states that besides document already produced, Plaintiff has no documents responsive to this request.

Plaintiff reserves the right to amend, modify and supplement this response.

Dated: Flushing, New York
September 12, 2020

                                  TROY LAW, PLLC
                                  *Attorneys for the Plaintiff, proposed FLSA*
                                  *Collective and potential Rule 23 Class*
                                  /s/ John Troy
                                  John Troy (JT0481)
                                  Aaron Schweitzer (AS 6369)

## Certificate of Service

I, John Troy, an attorney duly admitted in the State of New York and in this court, hereby certify:

I have today served the annexed Plaintiff's Supplemental Response to DEFENDANTS' FIRST SET OF DOCUMENT PRODUCTION REQUESTS TO PLAINTIFF by causing a copy to be sent via electronic mail to their attorney of record at the email address below:

Dated:  Flushing, New York
        September 12, 2020

                                    TROY LAW, PLLC

                                    /s/ John Troy
                                    John Troy
                                    41-25 Kissena Boulevard, Suite 103
                                    Flushing, NY 11355
                                    Tel: (718) 762-1324
                                    troylaw@troypllc.com
                                    *Attorney for Plaintiffs*