

***Aaron N. Solomon***
asolomon@kdvlaw.com

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

September 30, 2020

**Via ECF**
Honorable Brian M. Cogan
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Jose Panora v. Deenora Corp., et al.*, E.D.N.Y. Case No. 19-CV-7267 (BMC)

Dear Judge Cogan:

    This firm represents Defendants in the above-captioned matter. We write in further support of our September 18, 2020 motion for sanctions against Plaintiff and his attorney, John Troy (ECF No. 55) and in reply to Mr. Troy's letter opposing same.

    Mr. Troy has shown he is willing to lie brazenly to us and the Court, and otherwise make a mockery of his duty of candor if he feels it will bring him closer to an unmerited payday. Illustrative of Mr. Troy's unscrupulous and vexatious approach are his efforts in his September 21, 2020 letter response opposing our sanctions motion (ECF No. 56) to distract from his prior misrepresentations by making provably false accusations. The irony of Mr. Troy's claim that ***I*** am the one somehow not acting ethically is not lost on me. Lying and flouting rules seems to be Mr. Troy's *modus operandi*, as demonstrated by the head-spinning number of prior decisions sanctioning him.[1] Mr. Troy is undeterred by these past slaps on the wrist – indeed, as explained below, he clearly takes pride in employing improper tactics and has even boasted shamelessly to us about how his abusive tactics have needlessly run up our clients' legal expenses.

    Mr. Troy's reliance in his September 21st letter on the S.D.N.Y.-specific Local Rule 37.2 is misplaced, as Local Rule 37.3 sets forth procedures to raise discovery disputes in the Eastern District. Notably, LR 37.2 expressly provides that motions under Fed. R. Civ. P. 26 are subject to an S.D.N.Y. jurist's Individual Rules for discovery motions, whereas LR 37.3 does not. Thus, because our motion seeks sanctions, and is not a "discovery" motion under LR 37.3, we believed that it was not subject to this Court's joint-letter requirement for discovery applications.[2] As Mr. Troy is currently counsel of record in around 70 active cases in the Southern District and around 60 cases in this District, it is hard to believe that he does not know the difference between LR 37.2 and LR 37.3. Mr. Troy also disingenuously omits that our motion was preceded by an extensive

---

[1] See Exhibit A (spreadsheet setting forth prior sanctions decisions against Mr. Troy and his firm).
[2] We believe that our motion, which sought Rule 26(g) sanctions in addition to 28 U.S.C. § 1927 and inherent power sanctions, is not subject to the joint-letter rule as it seeks sanctions rather than any discovery remedy and because the § 1927 and inherent power sanctions are not discovery related.

meet and confer process, including a meet-and-confer teleconference with Mr. Troy's associate, Aaron Schweitzer, on September 14th and a number of email exchanges.

Our sanctions motion primarily addressed the Fed. R. Civ. P. 26(g) violation arising from Mr. Troy's false certification of discovery responses in an effort to conceal text messages demonstrating Plaintiff's exercise of managerial authority and thus undercutting Plaintiff's misclassification argument. Mr. Troy does not even attempt to show that his fraudulent certification was "substantially justified," or even display contrition for lying. His argument against sanctions boils down to "so what?" The Court cannot excuse this latest example of Mr. Troy's lack of candor, given that he sought to conceal damaging evidence.[3]

Moreover, Plaintiff's belated production did not cure Mr. Troy's Rule 26(g) violation. It did not change the fact that Mr. Troy certified a fraudulent response. Second, because Plaintiff's production is arbitrarily limited in time to 2018-present, the production remains incomplete and sanctionable under Rule 26(g). Lastly, assuming *arguendo* the violation was cured, Defendants *were* prejudiced significantly by having to conduct an independent investigation into the text messages and then move for sanctions to get Mr. Troy to provide material he wrongfully withheld. Likewise, Mr. Troy disingenuously claims that he acted properly because he simply reconsidered his original response to our requests for Plaintiff's text messages with Mr. Perez. But, the original responses are not at issue. Plaintiff's *supplementary* response – which Mr. Troy provided us *after* withdrawing his prior frivolous objections – was false because Mr. Troy produced a single page of texts and told us that no more existed, when he knew there were more.

Most egregiously (and true to form), Mr. Troy falsely smears us and our clients. He floats an unsupported accusation that Defendants and their counsel somehow pressured Plaintiff to accept a now-expired Rule 68 offer of judgment, using Plaintiff's longtime friend and former subordinate Robert Denes as their "agent". Mr. Troy offers no evidence aside from his own say-so to support his accusations.

We never advised Defendant Arabian (or anyone else) to contact Plaintiff. Moreover, there is no affirmative duty to prevent represented parties from contacting one another where an attorney does not *cause* the contact. *See, e.g, Miano v. AC & R Advert., Inc*., 148 F.R.D. 68, 89 (S.D.N.Y.), *as amended* (Mar. 4, 1993), *adopted*, 834 F. Supp. 632 (S.D.N.Y. 1993) ("attorneys need not prevent clients from engaging in *ex parte* or taped conversations with adversaries, and are permitted to counsel clients regarding the scope and ramifications of such conduct. ") Mr. Troy conceded it was legal for Defendant Arabian to contact Plaintiff and, moreover, did not claim that there was anything improper about the substance of such contacts. *See* Exhibit B. The fact that Mr. Troy never suggested Defendants had communicated with Plaintiff improperly until we raised his Rule 26(g) violation undercuts the credibility of this accusation.

---

[3] Even if, as Plaintiff claims, Rule 26(g) does not mandate sanctions for false certifications absent "substantial justification", *Kosher Sports, Inc. v. Queens Ballpark Co., LLC* still supports sanctions here. Sanctions are warranted where, as in *Kosher Sports* and this case, it is revealed that an attorney submitted false responses for the purpose of concealing relevant discovery damaging to his client's position. *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, No. 10-CV-2618 JBW, 2011 WL 3471508, at *10 (E.D.N.Y. Aug. 5, 2011) (imposing sanctions where "…plaintiff's responses were intended to mislead defendant's counsel and conceal the existence of the January recording.")

Mr. Troy's assertions regarding Mr. Denes's involvement are similarly fabricated. Mr. Denes has provided a declaration to refute Mr. Troy's false narrative that he acted as Defendants' pawn. *See* Exhibit C. Per Mr. Denes, Defendants never even directed him to approach Plaintiff, let alone demand that Plaintiff accept Defendants' Rule 68 offer. Mr. Denes is a friend of Plaintiff, and was supervised by Plaintiff at Defendants' restaurant. Id., ¶ 5. Having learned online that Mr. Troy has previously been sanctioned for dishonest litigation conduct, Mr. Denes was concerned that Mr. Troy would exploit Plaintiff. Id., ¶¶ 6-7. This concern increased when Plaintiff told Mr. Denes that Mr. Troy never told him the amount Defendants had offered him to settle. Id., ¶ 8. Mr. Denes reached out to Plaintiff of his own volition. Id., ¶ 9. Contrary to Mr. Troy, Mr. Denes never demanded that Plaintiff accept a Rule 68 offer, threatened Plaintiff, or even mentioned the words "Rule 68" in the conversation. Id., ¶ 10. Rather, Mr. Denes merely expressed his concern that Mr. Troy was not being honest with Plaintiff. Id., ¶ 10.

On the evening of September 25th, Mr. Troy, who is not someone I customarily exchange text messages with, sent me several unsolicited text messages with respect to this case. *See* Exhibit D. These messages show Mr. Troy does not appreciate the seriousness of what has occurred here. Also, noting that "[c]lients come and go", Mr. Troy boasted of how his litigation tactics have needlessly escalated the legal expenses of our clients, whose business continues to struggle mightily from the ongoing COVID restrictions. Remarkably, Mr. Troy then referred to himself as our "rainmaker" and suggested that we should thank him for litigating this case in a bad-faith and vexatious fashion, because it has allowed us to bill our clients more.

Contrary to Mr. Troy's evident view, federal wage-and-hour litigation is not a scam where the lawyers for plaintiff and defendant collude to prolong and escalate the litigation to milk their respective clients for maximum fees. All four of the attorneys of record for Defendants previously represented plaintiffs in employment litigation, and we are all frankly disgusted by Mr. Troy's apparent view that clients are there for the lawyers to swindle. Mr. Troy's cynical and unethical approach is precisely the kind of lawyering that causes the public to perceive our profession negatively and to lose faith in the justice system.

Lastly, contrary to Mr. Troy's letter at ECF No. 60, raising legitimate concerns of sanctionable conduct is not an "animus," and responding to same with baseless accusations of unethical conduct is not "grace". Bad faith, and the need for appropriate sanctions against Mr. Troy to address his abuses could not be clearer.[4]

Moreover, we respectfully request that the fact discovery deadline (currently October 11, 2020), which has never been extended, be appropriately enlarged so the concerns we have raised can be resolved before depositions occur.

We thank the Court for its continued courtesies.

---

[4] The "wage and hour" bar is a small one. In ECF No. 60, Mr. Troy correctly states that I have dealt with him before. I am sure I will deal with him again. But, no amount of *espirit de corps* requires me to ignore a blatant Rule 26(g) violation or forces me to simply abide Mr. Troy's baseless public assault on my reputation and my character.

                        Respectfully Submitted,
                        KAUFMAN DOLOWICH & VOLUCK, LLP

                        _____
                        Aaron N. Solomon, Esq.

cc:    Plaintiff's counsel, via ECF