TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JOSE PANORA,
*on his own behalf and on behalf of others similarly situated*

                                Plaintiff,
                                  v.

DEENORA CORP
      d/b/a Dee's;
DEE'S BRICK OVEN PIZZA, INC
      d/b/a Dee's; and
DEERAN ARABIAN
      a/k/a Dee Arabian

                                Defendants.
-----------------------------------------------------------X

Case No. 19-cv-07267

**DECLARATION OF JOHN TROY IN RESPONSE TO ORDER DATED OCTOBER 1, 2020**

JOHN TROY, an attorney admitted to practice law in the State of New York and before the United States District Court for the Eastern District of New York, hereby affirms under penalty of perjury that:

1. I am the principal of Troy Law, PLLC and I submit this affirmation in response to Judge Cogan's Order dated October 1, 2020, to address three issues: (1) evidence corroborating our allegation that Defendants' counsels directed Robert Denes to contact Plaintiff, (2) evidence corroborating our allegation that Defendants' Counsel caused Deeran Arabian to contact Plaintiff in violation of attorneys' ethics rules, (3) our failure to provide all responsive text messages between Plaintiff and Daniel Perez.

2. I will address each of the three inquiries by turn, below:

3. Annexed to my Affirmation are:

1. True copy of the Offer of Judgment email dated September 2, 2020 at 14:15.

   *See* **Exhibit 01.**

2. True copies of text message screenshots of text messages Robert Denes sent to Plaintiff

   i. dated September 2, 2020 at 10:39 more than 3 hours <u>before</u> the Offer of Judgment was sent, specifying that "<u>Patron</u> [Spanish for Boss] texted me last night, did I hear any news from you. I told him, I did not bother you. But were you able to talk to your lawyer";

   ii. dated September 4, 2020 at 16:02 attaching a snapshot of the text message from Deeran Arabian to Robert Denes stating that "If he wants the offer her [sic] should tell his attorney and email me and say he wants to take the settlement offer from yesterday.

   Dee@deesnyc.com

   It's simple words

   Dee I agree to settle this

   offer of the Rule 68 made on Weds 8/2/20."

   iii. dated September 21, 2020 at 19:02 and stating: "I can't believe you really put my name on your case. Very sad , very sad"

   *See* **Exhibit 02** iPhone profile of Robert Denes, followed by Text Messages from Robert Denes.

> *See* **Exhibit 03** Screenshot of text Message from Deeran Arabian to Robert Denes sent from Robert Denes to Plaintiff.

3. True Copy of AT&T Call Report to Plaintiff's Number from Robert Denes's Number with;

    i. Friday, August 7, 2020;

    ii. Friday, August 14, 2020;

    iii. Monday, August 24, 2020;

    iv. Saturday, August 29, 2020;

    v. Wednesday, September 2, 2020; and

    vi. Thursday, September 3, 2020. *See* **Exhibit 04** AT&T Report.

4. True copy of Text Message from Deeran Arabian to Plaintiff annexing Offer of Judgment snapshot on September 2, 2020 at 14:37 (less than 25 minutes from the time when the Offer of Judgment is emailed to us).
*See* **Exhibit 05** iPhone profile of Deeran Arabian followed by Text Message from Deeran Arabian to Plaintiff attaching as Photo Exhibit the Offer of Judgment.

5. True copy of email from Deeran Arabian to Plaintiff annexing Offer of Judgment snapshot on September 2, 2020 at 14:52 attached as **Exhibit 06**;

6. True copy of voice message from Deeran Arabian to Plaintiff on September 2, 2020 at 14:35 attached as **Exhibit 07**;

7. True copy of iPhone X Screen Replacement Order dated May 14, 2020 from Amazon attached as **Exhibit 08**;

8. True copy of iPhone XI Phone Replacement Order dated July 3, 2020 from Apple Store attached as **Exhibit 09**;

9. True copy of Text Messages from December 7, 2017 to February 13, 2018, with iMessage on top showing that there are no further messages that can be retraced on the iPhone XI attached as **Exhibit 10**.

*Basis for Plaintiff's Counsel's Accusation that Defense Counsel's "Directed" Mr. Robert Denes to Contact Plaintiff*

<u>*Direct Evidence*</u>

4. There is incontrovertible evidence that Robert Denes has perjured himself under oath when he states that "Dee's senior management did not ask me to speak to Plaintiff." *See* Dkt Entry No. 61-3 (Sept. 30, 2020) at *3.

5. There are two lines of **direct evidence** buttressing Plaintiff's claim and showing that Robert Denes (and by extension, his employer Deeran Arabian, who certainly *knows* that Robert Denes is perjuring himself; and his employer's attorney, who *knows* that Deeran Arabian is contacting Robert Denes and giving him all of the insider information concerning the offer of Judgment) *knows* that he has been contacted by Dee's senior management "to speak to Plaintiff": text messages from Robert Denes dated September 2, 2020 at 10:39 and September 4, 2020 at 16:02.

6. The first of the two messages, dated **September 2, 2020 at 10:39 AM**, which again establishes Deeran Arabian and Robert Denes's principal-agent relationship in coercing Plaintiff to settle the case or else pay Defendants' attorneys' fees took place 4

4

hours prior to the actual proffer of the offer of judgment. *See* **Exhibit 2 iPhone Profile and Text Messages from Robert Denes**.

7. In other words, Robert Denes *must* have had contact with Dee's senior management in regard to the proffer of the Rule 68 offer. Had Robert Denes had no contact at all with Dee's senior management (which Deeran Arabian is obviously a part of), there is no way that he would so coincidentally ask about "any news from you" merely "out of concern" as a friend, when he told Plaintiff again and again after talking through personal conversation items outside of the he was contacting him at the bequest of the employer.

8. The second of two text message exchanges on September 4, 2020 includes a screenshot of a message from Deeran Arabian to Robert Denes on September 4, 2020 incontrovertibly establishes that Deeran Arabian directed Robert Denes to contact Plaintiff. *See* **Exhibit 03 Text Message from Deeran Arabian to Robert Denes**

9. The screenshot of the text message was sent in the context of a follow-up of a phone call that Robert Denes placed to Plaintiff at around 15:53, which is also incontrovertible from the AT&T Call Log. *See* **04 AT&T Call Log Checkmarked with Calls with Robert Denes.**

10. Robert Denes could not have known about the Offer of Judgment without input from Deeran Arabian and his attorney.

11. Deeran Arabian could not have known about the Offer of Judgment without input from his attorney, who drafted it and who served it on Plaintiff's attorney. Defendants cannot explain how Deeran Arabian could have obtained the Offer of Judgment to proffer to Plaintiff, through Robert Denes, even before it was served on Plaintiff's attorney.

5

*<u>Testamentary Evidence</u>*

12. In addition to the text messages, there are two lines of testamentary evidence which buffer Plaintiff's allegations: first, Plaintiff's averments concerning the contents of the phone calls and conversations, which are again bolstered by and anchored in the AT&T Call Log and the text message exchanges between Plaintiff and Robert Denes. *See* **Exhibits 02 iPhone Profile and Text Messages from Robert Denes, 04 AT&T Call Log Checkmarked with Calls with Robert Denes.**

13. The first line of testamentary evidence, which concerns the very perseverant calling of Robert Denes to secure a meeting with Plaintiff, from August 7, 2020 through August 29, 2020, ends with Robert Denes, stating that "Look my boss is calling me asking if I have been getting in touch with you and want to know what you wanted to do." *See* **Panora Aff.** ¶¶3-13 (Robert Denes setting up the meeting); 14-27 (Robert Denes saying he's "heard if you lose your case you will need to pay my boss' lawyers" but that if Plaintiff took the offer, then it will be "all done").

14. During that same conversation, Robert Denes <u>misrepresented</u> to Plaintiff that if he lost, then he will need to pay Defendants' Counsel's attorneys' fees, when in fact the FLSA/ NYLL has a prevailing <u>Plaintiff</u>, not prevailing Party standard for application of fees, and at most the rejection of a Rule 68 is the <u>costs</u>. *See id***.** ¶¶14-27.

15. This exact same argument was made by Aaron N. Solomon and Taimur Alamgir in his Opposition to Plaintiff's Motion for Conditional Class Certification. *See* Dkt. Entry No. 51 at *31, citing a peripheral case dated more than 12 years ago, in which the notice informed potential opt-in Plaintiffs that "they *may* be asked" among other things, "to (4) pay costs if they do not prevail."

6

16. That testamentary evidence is rooted in and again supported by the culminating text message which includes a snapshot of the message from Deeran Arabian to Robert Denes, which Robert Denes then forwarded to Plaintiff. *See* **Exhibit 03 Text Message from Deeran Arabian to Robert Denes.** *See Panora Aff.* **¶¶28-39.**

<u>*Timing of Offer of Judgment and Robert Denes' Discussion of the "Offer"*</u>

17. Even before the Second Offer of Judgment (repeating the same amount of the First Offer of Judgment) was sent on <u>September 2, 2020</u>, Robert Denes already reached out to Plaintiff concerning the "offer." *See* **Exhibits 02 iPhone Profile and Text Messages from Robert Denes, 04 AT&T Call Log Checkmarked with Calls with Robert Denes..**

18. Contrary to Defendants' representation, the subject line of Plaintiff's Counsel's email is entitled "Improper Contact between Plaintiff and Defendants' Agent" dated September 2, 2020 at 10:08 clearly establishes the urgency of Plaintiff's message to Defendants. *See* **Dkt. Entry No. 56-1 "Re: NYED Deenora Dee's 19-cv-07267 +Panora, Luis v // Improper Contactbetween Plaintiff and Defendant's Agent."**

19. As is detailed in Plaintiff's Response to Defendants' Motion for Sanctions, Defendant's Counsel has consistently deflected any inquiries concerning the nature of the contact by stating that they have no knowledge and also that it is lawful. *See* **Dkt. Entry No. 56-1 and 56-2.**

20. While there is no dispute that contact <u>between</u> parties are <u>lawful</u>, there is also no dispute that contact by Defendants' counsel to <u>represented parties</u> without that parties' attorney's consent (and indeed, over their objections) is <u>unlawful</u> and not ethical. *See generally* **Dkt. Entry No. 56.**

7

*Basis for Plaintiff's Counsel's Accusation that Defense Counsel's "Directed" Mr. Deeran Arabian to Contact Plaintiff*

21. On the day of, and after the Offer of Judgment is proffered by Defendants' counsel to Plaintiff, we have direct evidence from Deeran Arabian's text message to Robert Denes, Robert Denes' message to Plaintiff, and Deeran Arabian's text message to Plaintiff that Defendant Deeran Arabian is closely coordinating with Defendants' counsel to mount a strategy to cajole Plaintiff into accepting an offer of judgment outside of Plaintiff's attorneys' knowledge or consent. *See* **Exhibit 05 Text Message from Deeran Arabian to Plaintiff; 06 Email from Deeran Arabian to Plaintiff; 07 Voice Message from Deeran Arabian to Plaintiff.**

22. First, in Robert Denes' message mentioned above dated September 2, 2020 at 10:39 AM asks about "any news from" Plaintiff for the Patron, Deeran Arabian. *See* **Exhibit 02 iPhone Profile and Text Messages from Robert Denes.**

23. This news revolves around the Offer of Judgment, which is a subject during the in-person conversation between Plaintiff and Robert Denes and Plaintiff's home in Queens. *See* **Exhibit 01 Offer of Judgment dated September 2**.

24. Second, the voice message, text message, and email <u>from Deeran Arabian</u> himself to Plaintiff, attaching the Offer of Judgment as photo attachments <u>each within less than half an hour from the time when it was sent to Plaintiff's counsel</u> establish through close proximity of the messages and the offer of judgment (which was identical except the date sent as the first offer of judgment) that it is done in conjunction with Defendants' attorneys. *See* **Exhibit 05 Text Message from Deeran Arabian to Plaintiff; 06 Email**

8

**from Deeran Arabian to Plaintiff; 07 Voice Message from Deeran Arabian to Plaintiff.**

*Explanation of Failure to Provide Messages Before 2018*

25. Because of a phone replacement (not resulting from anyone's fault, but regular wear and tear) in early July 3, which predates the discovery demands, Plaintiff's text message with Daniel Perez only goes to December 7, 2017. *See Panora Aff.* ¶¶45-50.

26. As such, before 2018, there is only one month that is available. *See id.*

27. We did request for Plaintiff all messages between Plaintiff and Daniel Perez. *See id.* ¶50.

28. In fact, we emailed Plaintiff the Document Production on August 23, 2020 that organized all of the document production received and asked "if there is anything missing from the documents, be sure to let us know." *See id.* ¶52.

29. However, because the text messages are personal messages about the weather, soccer, and random things, Plaintiff did not provide and Plaintiff's attorneys did not have in their possession any documents pertaining to messages between Plaintiff and Daniel Perez. *See id.* ¶53-54.

30. Plaintiff's Counsel did object to the discovery request for irrelevance because any text messages have nothing to do with the wage-and-hour lawsuit. *See id.*

31. After the Deficiency Letter was received on September 9, 2020, we followed up by phone to request the screenshot of all text messages between Plaintiff and Daniel Perez. *See id.* ¶55-56.

32. We received a text message dated July 29, 2018 that we promptly provided to Defendants' attorneys with our initial objections incorporated. *See id.* ¶¶57-58.

9

33. On September 11, 2020, we were assured that there are "no other docs in possession." *See id.* ¶59.

34. When Defendants' attorneys motioned to sanction Plaintiff and Plaintiff's Counsel, claiming that we have additional responsive documents, we again requested for all of the text messages. *See id.* ¶60.

35. We iterated for Plaintiff to turn over "all text messages" regardless of whether it's work related, on September 15, 2020, as we do not wish to contest an issue that have little relevance to our claims and detract from the lawsuit. *See id.* ¶61.

36. In response to our inquiry, we received all messages from February 13, 2018 to September 15, 2020, which we again promptly provided to Defendants' attorney. *See id.* ¶62.

37. In response to Defendants' request for messages before 2018, we again inquired with Plaintiff today, October 2, 2020, and we received messages from December 7, 2017 to February 13, 2018, which again are mostly about football games and bear no relevance to the wage-and-hour lawsuit. *See id.* ¶63.

38. We did inquire why such documents were not provided to us in the first instance, and we were told, and quite reasonably, that "they are just about football games and have nothing to do with this wage-and-hour lawsuit." *See id.* ¶64.

**39.** Nevertheless, to avoid contesting a non-issue, which Defendants' counsels are evidently very eager to blow up, we have provided in conjunction with this response, the text messages. *See* **Exhibit 10 Text Messages pre 2018 Text Messages**.

40. As the above description of our repeated inquiries to Plaintiff, which are accorded with due seriousness of phone calls verifying that all documents are provided, we have acted in good faith and are not hiding the ball at all.

41. For the above-reasons stated above, we respectfully request that this Court exercise its sound discretion to not sanction Plaintiff.

42. In addition, we respectfully request that this Court hold an inquest hearing concerning the nature of the improper contact which has transpired between Plaintiff and Defendant Deeran Arabian, his employee Robert Denes, which we highly believe is done in coordination with and at the bequest of Defendants' attorneys, for the reasons set forth above.

43. Lastly we request for all other remedies that the Court deems just and proper, including the Court exercising its sound discretion to look into Robert Denes' knowing perjury at the bequest of his employer and his employer's attorney, who knew or should have known of Deeran Arabian's contact with Robert Denes in conjunction with the Second Offer of Judgment.

Respectfully Submitted,

/s/ John Troy  
John Troy

JT/mh

cc: All Counsel of Record via ECF