1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X
JOSÉ PANORA, on his own           : 19-CV-7267 (BMC)
behalf and on behalf of           :
others similarly situated,        :
                                  :
            Plaintiff,            :
                                  :
         -against-                : United States Courthouse
                                  : Brooklyn, New York
DEENORA CORP., d/b/a Dee's;       :
DEE'S BRICK OVEN PIZZA,           :
INC., d/b/a Dee's; and.           :
DEERAN ARABIAN a/k/a Dee          :
Arabian,                          :
                                  : Wednesday, November 4, 2020
            Defendants.           : 1:30 p.m.
- - - - - - - - - - - - - - - - -X
```

TRANSCRIPT OF CIVIL CAUSE FOR PREMOTION CONFERENCE
BEFORE THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

For the Plaintiff:       TROY LAW, PLLC
                         41-25 Kissena Boulevard.
                         Apartment 103
                         Flushing, New York 11355
                         BY:  AARON SCHWEITZER, ESQ.

For the Defendants:      KAUFMAN, DOLOWICH & VOLUCK, LLP
                         135 Crossways Park Drive.
                         Suite 201
                         Woodbury, New York 11797
                         BY:  AARON NATHANIEL SOLOMON, ESQ.
                              TAIMUR ALAMGIR, ESQ.

Court Reporter:          DAVID R. ROY, RPR
                         225 Cadman Plaza East
                         Brooklyn, New York 11201
                         drroyofcr@gmail.com

Proceedings recorded by Stenographic machine shorthand,
transcript produced by Computer-Assisted Transcription.

Proceedings 2

1  (All participants appearing via teleconference.)
2  THE COURT: All right. The case is Panora against
3  Deenora Corp., et al. 19-CV-7267.
4  Who do I have for the plaintiff?
5  MR. SCHWEITZER: Good afternoon, Your Honor. This
6  is Aaron Schweitzer appearing for Plaintiff José Panora.
7  THE COURT: All right. Good afternoon.
8  All right. And who do I have appearing for the
9  defendants?
10  MR. SOLOMON: Aaron Nathaniel Solomon and Taimur
11  Alamgir for the defendants.
12  MR. ALAMGIR: Good afternoon, Your Honor.
13  THE COURT: Good afternoon.
14  Okay. We are here on the defendants' proposed
15  second motion for summary judgment. I will tell you,
16  Mr. Solomon, Mr. Alamgir, the reason I wanted to have this
17  conference and the reason I asked you to submit the
18  deposition, I have read it, and I -- you know, I will keep
19  an open mind. You can certainly try to convince me that
20  there is now issue of fact as to whether the plaintiff was
21  an executive, but reading that deposition, you know, I think
22  it generally supports you. I think, you know, you probably
23  got the better of the argument in front of a jury. But
24  there are things that contradict you, too. I mean, it is
25  going to be another balancing test. So you can try if you

1  want, but I do have some skepticism, and I just wanted to
2  alert you of that before you go through the trouble of
3  drafting all of your papers and everything.
4           MR. SOLOMON:  Well, Your Honor, that's a good
5  point --
6           THE COURT:  I'm sorry.  Who is speaking?  Who is
7  speaking, please?
8           MR. SOLOMON:  I'm sorry.  This is Aaron Solomon.
9  I apologize.
10          Your Honor, that's a good point.  And before I
11 address it, may I please communicate to both the Court and
12 something that my client wishes me to say?
13          THE COURT:  Sure.
14          MR. SOLOMON:  You know, my client is a -- it's a
15 pizzeria.  It's a restaurant.  It is -- you know, previously
16 before COVID, it was a great business.  But frankly, as I
17 believe we have expressed to the Court previously, it's been
18 slammed, for lack of a better term.  And, you know, it has
19 lost a lot of money, both because of the summer and the
20 shutdown.  It has lost a lot of money because we only have
21 25 percent occupancy.  It's going to lose a lot more money
22 because, you know, we don't know if there's going to be a
23 second wave.  Parts of Queens are closing.  I mean, right in
24 the middle of where the restaurant is located in
25 Forest Hills, you have two other ZIP Codes that have shut

Proceedings 4

down, and this is a place that relies on local, you know, business.

And I understand a summary judgment is costly, and I have heard what the Court has said about that. The problem is, my client spent a lot of money fighting this case, and obviously, you know, it -- we've heard what the Court has said and we're going to weigh that. But, you know, we're very concerned that my client may not have the financial wherewithal for this --

THE COURT: Okay. Well --

MR. SOLOMON: -- you know, either summary judgment or trial.

THE COURT: Okay. Let me say this, Mr. Solomon: Certainly I'm sympathetic to that problem. I will tell you even before the pandemic hit, it was my view that the wage imposed in New York were so high, it didn't seem like anybody was paying the wages that State Law requires them to pay. With the pandemic, there's a lot of places closing down.

Now, I will tell you that I have had Mr. Troy's law firm in front of me many times. It is an aspect of their practice that they go after failing firms. I have had cases, not from them, but from other Plaintiffs where they have literally forced companies out of business and to shut their doors. And the risk of getting an uncollectible piece

1  of paper is something that you and Mr. Schweitzer can
2  discuss, but it is not something that I can do anything
3  about.  You know, I have got a lawsuit, and I have got to
4  see it through, even if it results in a judgment that is
5  uncollectible or forces your client into bankruptcy.
6          I will say the leverage that the plaintiff's
7  attorneys have in these cases, and they have it here, is
8  that there is an individual on the hook as well.  And you
9  know, his house, his assets, his -- whatever he has got,
10 those are in jeopardy, too.  But those are all things for
11 you two to discuss.  It does not really change anything with
12 me.
13         I suppose another factor for Mr. Schweitzer to
14 consider is, you know, I do not know when I can get you to
15 trial in this case.  You know, with COVID we are trying to
16 start getting through our criminal docket, but that is going
17 to take awhile.  I do not really see a trial in 2021, but
18 maybe.
19         But, you know, Mr. Solomon, what else can I do for
20 you?  There is really -- there is nothing that I can say
21 about your perfectly valid point.
22         MR. SOLOMON:  Well, and I think the Court made a
23 very valid point, not only saying it so Mr. Schweitzer can
24 hear it, even if Plaintiff, you know, by deposition -- even
25 if the Court thinks summary judgment is doubtful on a

1  deposition, the deposition is best he's got.  So, you know,
2  I'm happy to try the case --
3          THE COURT:  Okay.  But will you have the resources
4  to do it?
5          MR. SOLOMON:  So the Court's saying the case is
6  getting better for the plaintiff.
7          THE COURT:  Look, you are kind of negotiating with
8  me in the middle, and I do not want to be in the middle.
9  You two talk --
10         MR. SOLOMON:  I'm sorry, Your Honor.
11         THE COURT:  -- and if you reach a resolution,
12 that's fine.  If you don't, you know, then I will just go
13 through and get you to trial as soon as I can.
14         As far as the -- there are two things, though, to
15 consider, there are two other things that I did not mention.
16 Number one, it happens as often as not in these cases that I
17 get a motion to withdraw from Defense Counsel who says, you
18 know, my client cannot afford me anymore, and I generally do
19 not grant them.  But, you know, that is your due diligence
20 at the beginning.  I am not going to start all over from
21 scratch or have a defaulting defendant because you did not
22 get yourself protected up front.  So I am not sympathetic to
23 that.
24         And the other thing that you have got tell your
25 client, of course, if that if you lose, and I am sure you

1  know this, your client is going to be responsible for the
2  other side's attorneys' fees.  And Mr. Troy is not a
3  reluctant biller in my experience.  So these are all things
4  for you to talk about.
5           The only thing I can talk about with you today is,
6  do you really want to make your motion?  If you do, tell me
7  one way or the other.  I will set a schedule if you want me
8  to.
9           MR. SOLOMON:  I guess I'd respectfully request a
10 week or two to decide to confer with my client, who is on
11 the line today.
12          THE COURT:  Okay.
13          MR. SOLOMON:  I believe he is on the line today.
14          THE COURT:  That's fine.
15          Yeah, look, I am not going to give you two weeks.
16 It's just a decision that you have to make quickly, because
17 there is only so much you can talk about.  So make it in a
18 week.  If you are going file a motion, file it within two
19 weeks after that.  I will take opposition in two weeks, and
20 then we will see where we go.
21          MR. SOLOMON:  Understood, Your Honor.
22          THE COURT:  Okay?
23          MR. SOLOMON:  I believe there's also the matter of
24 the pending collections motion, which is --
25          THE COURT:  Yeah.  Remind me, have you responded

Proceedings 8

1 to that?
2     MR. SOLOMON: Yes, we opposed, and Plaintiff had
3 put in a replies.
4     THE COURT: Okay. I will get to that as soon as I
5 can.
6     MR. SOLOMON: Okay.
7     THE COURT: Okay?
8     Anything else we need to talk about? I have not
9 heard from you, Mr. Schweitzer. Is there anything you need
10 to add?
11     MR. SCHWEITZER: No, Your Honor.
12     THE COURT: Okay.
13     All right. Thank you both for calling in. I will
14 wait to hear from you.
15     MR. SOLOMON: All right. Thank you, Your Honor.
16     MR. SCHWEITZER: Thank you.
17     MR. ALAMGIR: Thank you, Judge.
18     (Matter concluded.)
19
20                       --ooOoo--
21
22
23 *I (we) certify that the foregoing is a correct transcript*
24 *from the record of proceedings in the above-entitled matter.*
        _/s/ David R. Roy_                November 10, 2020
25         DAVID R. ROY                          Date