```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  X
JOSE PANORA, on his own behalf and on behalf     :
of others similarly situated,                    :
                                                 :
                           Plaintiff,            :   **MEMORANDUM DECISION**
                                                 :   **AND ORDER**
           - against -                           :
                                                 :   19-cv-7267 (BMC)
DEENORA CORP d/b/a Dees *et al.*,                :
                                                 :
                           Defendants.           :
----------------------------------------------------------------  X
```

**COGAN**, District Judge.

In this Fair Labor Standards Act ("FLSA") suit, defendants seek sanctions against plaintiff and his counsel in connection with the notice of a collective action and consent-to-join form sent to defendants' current and former employees. After hearing oral argument on the motion, I concluded that sanctions were warranted against plaintiff's counsel but reserved decision on the sanction that would issue, noting that a written Order would follow. This is that Order.

Plaintiff worked as a chef at Dee's Brick Oven Pizza ("Dee's") and brings this proposed collective action for failure to pay overtime wages. On December 9, 2020, I granted in part plaintiff's motion for leave to send out notice of a collective action to Dee's employees. Plaintiff's motion attached a proposed notice and consent-to-join form, to which I ordered certain revisions based on defendants' objections. That same day, plaintiff submitted his proposed revisions to the documents and, on December 23, 2020, filed a letter reporting that defendants consented to the revised forms. The notices were sent out according to schedule.

As it turns out, plaintiff did not send the Court-approved notice and consent-to-join form, but instead sent different documents. In addition, the mailings contained certain flourishes that

were not previously disclosed to the Court or defendants and to which defendants object. Specifically, defendants object to five aspects of the notice and form, each of which were added by plaintiff's counsel without prior approval from the Court or defendants.

First, plaintiff's counsel used custom-designed mailing and return envelopes prominently displaying a stamp of defendant Dee's logo, which plaintiff's counsel obtained from the internet and applied digitally without even telling Dee's.  Second, the mailing envelopes display a QR code (a type of bar code) that, when scanned by the recipient, connects the employee directly to plaintiff's counsel on the application WeChat.  Third, the notice disseminated by plaintiff splices together the English and Spanish text onto the same page, whereas the version submitted to and authorized by the Court contemplated separate English and Spanish notices.  Fourth, the consent-to-join forms were prefilled with the personal information of Dee's employees.  Fifth, the consent-to-join forms accidentally name a different establishment, SungBookDong BBQ, in addition to Dee's.

As an initial matter, it was patently improper for plaintiff's counsel to send out a different notice than the one approved by the Court.  The reason for the bait-and-switch is clear:  counsel wanted to induce more putative plaintiffs to join the action, but he knew that defense counsel would not consent to such measures and that I might not approve them if challenged.  This has been a highly contentious action; each stage of this case has been excessively litigated. Plaintiff's counsel apparently believed that it would be better to ask for forgiveness than permission, knowing that he was highly unlikely to receive the latter and that, once the notices were sent out, it would be difficult to unwind the damage.

There is often an unspoken but well understood conflict in FLSA actions:  plaintiffs (or rather their counsel) want a large collective to increase potential damages and attorney's fees,

and defendants want the collective and their potential liability to be as small as possible. Court-facilitated notice helps to balance these competing interests. The disputes over such notices can be quite petty, but Court approval "ensure[s] that [the] notice is timely, accurate, and informative," and "[b]oth the parties and the court benefit from settling disputes about the content of the notice before it is distributed." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 172 (1989). Those benefits are eviscerated if plaintiff's counsel does not fully disclose its plans for the notice or sends a notice that deviates from the version approved by the Court, both of which occurred here.

Some of these actions may have backfired on plaintiff, but that is not dispositive because none of them were authorized. Each alteration made by plaintiff's counsel was intended to induce employees to join the collective action. First, the prominent display of Dee's logo is particularly egregious. Separate and apart from whether the unauthorized use of the logo constitutes a copyright violation, the logo's presence is intended to send a message to recipients that this is an important mailing from their current or former employer and even suggests that Dee's wants and expects them to join the action. Upon seeing the envelope, the employee will think that it came directly from Dee's and thus likely includes either money or tax documents. The logo thus induces the employee to open and read closely a mailing that they might otherwise ignore.

The QR code similarly was not approved and constitutes undue inducement. I approved electronic dissemination of the notice, intending that the notice could be sent over messaging applications like WhatsApp and WeChat – not to allow recipients to scan a QR code and find themselves virtually in counsel's office without having even opened the mailing in question.

The decision to splice together the English and Spanish sentences likely hurts plaintiff's counsel more than it helps; the notice is now so confusing that it may discourage a plaintiff from reading far enough to decide to join the action. Apparently, plaintiff's counsel thought otherwise. But either way, the problem is that the change was made without approval, and it dilutes the notice by pushing some of the most important information further down the page. To the extent that I had any doubts about counsel's bad faith in making this change, those doubts were removed during oral argument when he provided a dissembling and dishonest excuse, claiming that it would provide cost savings for printing when, quite obviously, the same number of pages must be printed regardless.

I might have approved the prefilling of employees' information in the consent-to-join forms had I been asked. The employee information was provided by defendants and they do not argue that any of it was incorrect. But the prefilling of the information in combination with the use of Dee's logo on the mailing envelope is a serious problem because it suggests to employees that Dee's approves of or even encourages them to join the action.

Finally, plaintiff's counsel's inclusion of the incorrect restaurant name in the consent-to-join form is the type of inaccuracy that the Court looks for before approving notices. But, to the extent that this error causes any confusion, it will be to the detriment of putative plaintiffs who might be discouraged from sending in the form, not to defendants.[1]

Sanctions are clearly in order. I have the inherent authority to impose sanctions on an attorney who has acted in bad faith. Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991). I will not decertify the collective as a sanction, as defendants request, because that would unduly punish potential opt-in plaintiffs. Plaintiff's counsel is sanctioned in the amount of $2000,

---

[1] Defense counsel may challenge the inclusion of any opt-in plaintiff if it can be established that the plaintiff worked at SungBookDong BBQ, rather than Dee's.

4

payable to the Clerk of Court within 14 days with proof of payment filed on the docket in this action.  Plaintiff's counsel must further reimburse defendants for the reasonable attorney's fees incurred in filing and litigating this motion for sanctions.  Finally, in the event of a settlement or plaintiff's verdict, the Court may reduce any claim for reasonable attorneys' fees based on the action proceeding as a collective.  This reduction is in addition to the reduction that I may impose pursuant to the Order issued October 5, 2020, in which I warned plaintiff's counsel that I will consider a reduction in any claimed fee award in this case because of other misconduct that was brought to my attention.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
　　　 February 25, 2021