

**Aaron N. Solomon**
asolomon@kdvlaw.com

**Taimur Alamgir**
talamgir@kdvlaw.com

Kaufman Dolowich & Voluck, LLP

135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

March 19, 2021

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
225 Cadman Plaza West
Brooklyn, NY 11201

> Re: *Jose Panora v. Deenora Corp., et al.*
> Case No.: 19-CV-7267 (BMC)

Dear Judge Cogan:

We represent Defendants, Deenora Corp., Dee's Brick Oven Pizza, Inc., and Deeran Arabian (collectively, "Defendants"), in the above-referenced matter. Pursuant to Your Honor's Order dated February 25, 2021, we respectfully submit this letter requesting a pre-motion conference in anticipation of Defendants' motion for reasonable attorneys' fees.

On January 8, 2021, Defendants filed a motion for sanctions and other related relief, based on Plaintiff's dissemination of a collective notice and related materials that contained information not authorized by the Court or which deviated from the Court's endorsed notice form. ECF No. 75. The Court granted our sanctions motion by Order dated February 25, 2021 and directed Plaintiff's counsel to "reimburse [D]efendants for the reasonable attorney's fees incurred in filing and litigating this motion for sanctions." ECF No. 78.

Defendants now seek the entry of a separate judgment, pursuant to Fed. R. Civ. P. 54(d)(2)(E) and Fed. R. Civ. P. 58(a) directing Plaintiff pay Defendants reasonable attorneys' fees in the amount of $10,169.00. We respectfully submit that the hourly rates requested by Defendants' counsel at bar are reasonable. Specifically, partners Keith Gutstein and Aaron N. Solomon, bill at an hourly rate of $450. Taimur Alamgir and Taylor Ferris, both 6th year associates, each bill at an hourly rate of $320. As discussed herein, these rates are in line with those awarded by other courts in this District for similar services provided by lawyers with comparable levels of experience.

Prior to filing this motion, we contacted Plaintiff's counsel to resolve the attorney's fees issue without judicial involvement. When requesting payment of our fees, we provided opposing counsel the detailed records, annexed as Exhibit A, to support our entitlement to fees in the amount sought herein. However, opposing counsel did not respond. [1],

---

[1] In addition to not responding to us, and as the Court noted this week, opposing counsel failed to pay sanctions to the Clerk of Court pursuant to the Court's February 25, 2021 Order. The failure to comply with Court Orders has

a. *The Time Spent Preparing Defendants' Opening Sanctions Brief Is Reasonable*

This Court has discretion in determining the appropriate amount of the fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). To determine an appropriate attorneys' fee award, this Court must calculate a "presumptively reasonable fee," which is the product of: (1) a reasonable hourly rate for the attorney's work; and (2) a reasonable number of hours of work required. *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011). Here, Defendants bear "the burden of 'establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Savoie v. Merchants Bank*, 166 F.3d 456, 463 (2d Cir. 1999).

To determine whether the amount of time spent by an attorney is reasonable, courts evaluate "contemporaneous time records 'specifying, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Courts may also consider their "own familiarity with the case and . . . experience generally. Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the district court." *Guallpa v. N.Y. Pro Signs Inc.*, 2014 WL 2200393, at *10-11 (S.D.N.Y. May 27, 2014) "Finally, billing judgment must be factored into the equation." *Id.*

Here, Defendants' counsel expended 26.7 hours on preparing and litigating the successful sanctions motion. The total hours expended include: 2.6 hours by Mr. Gutstein, 9.9 hours by Mr. Solomon, 13.8 hours by Mr. Alamgir, and 0.4 hours by Ms. Ferris. Please find a specific itemized invoice, annexed hereto as Exhibit A, listing the fees sought to be awarded.

b. *Defense Counsel's Hourly Rates Are Reasonable*

The hourly rates Defendants request are reasonable and appropriate. The hourly rates used in making a fee award should be "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 184. This rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Here, Mr. Gutstein, the co-managing partner of Kaufman Dolowich & Voluck's ("KDV") Woodbury headquarters, has been practicing for twenty-three (23) years and has significant experience litigating FLSA and NYLL cases. Mr. Gutstein graduated from New York Law School in 1996. During his career, Mr. Gutstein has handled 180 cases in this District alone.

Mr. Solomon, a partner of KDV, graduated from Hofstra University School of Law in 2009, and has been practicing for eleven (11) years. Mr. Solomon has handled 78 cases in this District alone, 41 of which are wage and hour matters.

---

become a modus operandi for Plaintiff's counsel, who were previously sanctioned on October 5, 2020, yet evidently failed to pay that Court-mandated $350 sanction. While Defendants do not desire to be picayune, they believe that Fed. R. Civ. P. 16(f)(1)(C) can allow them to at least point this out. Of note, a $350 sanction was simultaneously imposed upon Defendants, but Defendants promptly paid it.

Generally, Courts in this district award rates between $350 and $450 per hour for partners with significant employment litigation experience. *See, e.g., Luongo v. 44-37 Rest. Corp.*, 2017 WL 8813128, at *2 (E.D.N.Y. Dec. 19, 2017) (noting that "Courts in this district regularly award hourly rates ranging from $300 to $450 for the work of highly experienced attorneys" and awarding a partner $450 per hour). *Hall v. ProSource Techs., LLC*, 2016 WL 1555128, at *12 (E.D.N.Y. Apr. 11, 2016) (finding that a partner with twelve years' experience in litigating FLSA and NYLL wage and hour lawsuits should be awarded an hourly rate of $450). Given the rates awarded for similar services by lawyers with comparable skill and experience, Mr. Gutstein's and Mr. Solomon's general hourly rate of $450 is reasonable.

Mr. Alamgir is a KDV associate with six years of experience and whose practice has focused exclusively on labor and employment related matters. In 2015, Mr. Alamgir graduated from the George Washington University Law School. Prior to joining KDV, Mr. Alamgir was associated with two different law firms, where his practice focused on employment litigation. Mr. Alamgir has successfully litigated many wage-and-hour class and collective actions from the perspective of both employer and employee. Courts in this district have awarded rates between $100 and $325 per hour for associates. *See Smart v. City of New York,* 15-CV-1405, 2017 WL 933080, at *3 (E.D.N.Y. Feb. 17, 2017) ("In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of . . . $100 to $325 for associates"). Courts in the Southern District of New York have approved Mr. Alamgir's hourly rates up to and including $350 per hour. *See Monter v. AP & SS Rest. Grp, LLC*, 18-cv-1859 at Dkt. No. 90 (Sept. 27, 2019 S.D.N.Y.) (approving a rate of $350 per hour for Mr. Alamgir); Accordingly, Mr. Alamgir's hourly rate of $320 is reasonable.

Ms. Ferris is a KDV associate with six years of experience and whose practice has also focused exclusively on labor and employment related matters. In 2015, Ms. Ferris graduated from Albany Law School. Prior to joining KDV, Ms. Ferris was associated with a well-known Long Island Law firm where her practice focused almost exclusively on FLSA and NYLL litigation. Ms. Ferris also has experience litigating class and collective wage and hour actions. Defendants submit that Ms. Ferris' rate of $320 per hour is reasonable.

## II.    Conclusion

Based on the reasonable time expended and the reasonable hourly rates, Defendants are entitled to $10,169.00 as reimbursement for fees expended in litigating their successful sanctions motion.

We thank the Court for its continued courtesies.

Respectfully submitted,<br>
KAUFMAN DOLOWICH & VOLUCK, LLP<br>
<br>
Aaron N. Solomon<br>
Taimur Alamgir

cc:  Plaintiff's counsel, *by ECF*