# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 119, Flushing, NY 11355

March 29, 2021

**Via ECF**
Hon. Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  Response to Defendants' Application for Attorney Fees and Costs
        *Panora v. Deenora Corp.*, No. 19-cv-07267 (BMC), (E.D.N.Y.)

Your Honor,

  We represent the Plaintiffs in the above-referenced action. We write respectfully, and pursuant to the Court's electronic Order of March 22, 2021 to respond to Defendants' application for attorney fees and costs. Despite conferring by email and attempting to settle, the parties were unable to reach an agreement as to the amount attorney fees owed to Defense counsel.

  Defendants seek $10,169.00 in attorney fees: $4,416.00 billed by Mr. Alamgir for 13.80 hours of work at a rate of $320.00 per hour; $128.00 billed by Ms Ferris for 0.40 hours of work at a rate of $320.00 per hour; $1,170.00 billed by Mr. Gutstein for 2.60 hours of work at a rate of $450.00 per hour; and $4,455.00 billed by Mr. Solomon for 9.90 hours of work at $450.00 per hour. Plaintiff contends that both the hourly rates and the hours billed are excessive.

  <u>Excessive Hourly Rates</u>

  Mr. Gutstein and Mr. Solomon are partners at their firm. Mr. Gutstein was admitted in 1997, Mr. Solomon in 2010. However, in a recent case, this Court (Bloom, M.J.) approved only a $400.00 rate for a partner who "practiced employment law for over 20 years." *Miller v. E. Midwood Hebrew Day Sch.*, No. 19-cv-05580 (AMD) (LB), 2021 U.S. Dist. LEXIS 28898, at *21–22 (E.D.N.Y. Feb. 15, 2021) (citing *Gutman v. Klein*, No. 03-cv-01570 (BMC), 2009 U.S. Dist. LEXIS 123057, at *8 (E.D.N.Y. Oct. 9, 2009) (approving a rate of between $300.00 and $400.00 for partners); *Konits v. Karahalis*, 409 Fed. Appx. 418, 422–23 (2d Cir. 2011) (affirming district court holding that "prevailing rates for experienced attorneys in Eastern District of New York cases range from approximately $300–$400 per hour.")). Mr. Gutstein, with his more than 20 years of experience, might warrant a placement near the top of the range, but Mr. Solomon, with his ten years of experience, should warrant a placement near the middle or bottom. Neither warrants an award outside of it.

  Mr. Alamgir and Ms Ferris were admitted in 2016, about five years ago. "[I]n this district, reasonable hourly rates range $200.00 to $300.00 for senior associates." *Miller*, 2021 U.S. Dist. LEXIS 28898, at *23 (E.D.N.Y. Feb. 15, 2021). Again, neither associate warrants an award outside that range. And based on their demonstrated experience level, they should be awarded a fee towards the middle or bottom of the range. *C.f. Cao v. Miyama, Inc.*, No. 15-cv-00266 (JS) (ARL),

Hon. Brian M. Cogan, U.S.D.J.
March 29, 2021
*Panora v. Deenora Corp.*, No. 19-cv-07267 (BMC), (E.D.N.Y.)
Page 2 of 3

2020 U.S. Dist. LEXIS 149336, at *4 (E.D.N.Y. Aug. 18, 2020) (finding a fee of $300.00 to be reasonable for an attorney who served as lead counsel, graduated law school in 2013, has primarily practiced labor and employment litigation, has tried several cases in federal court, has litigated over one hundred wage-and-hour cases in federal court or in arbitration, and was previously awarded fees and/or approved at an hourly rate of $250.00 and $320.00).

Accordingly, we respectfully request that for purposes of this award, Mr. Gutstein's hourly rate be reduced to $350.00; Mr. Solomon's to $300.00; and Mr. Alamgir's and Ms Ferris's to $200.00.

<u>Excessive Time</u>

1. On January 7, 2021, Mr. Solomon and Mr. Gutstein seem to both bill for the same "conference" lasting 0.60 hours. Mr. Solomon does so as part of a block billing, while Mr. Gutstein bills for it separately. One of their hours should be reduced by 0.60.

2. Mr. Solomon block-bills for several tasks on January 7, 2021, taking 2.40 hours. It is not immediately apparent how calling the client is related to the preparation of your motion (either here or on January 8, 2021 or on January 20, 2021) - it was a purely legal issue.

3. Mr. Alamgir bills an unreasonable 3.40 hours performing legal research, and an unreasonable 24 minutes reviewing emails. Both of these billings should be reduced to a more reasonable figure.

4. Mr. Alamgir and Mr. Gutstein bill for the same task - Mr. Alamgir billed on January 7, 2021 for performing legal research, and Mr. Gutstein bills on January 8, 2021 for reviewing case law. The 0.40 overlap should be eliminated.

5. Three billers (Mr. Alamgir, Mr. Solomon, and Mr. Gutstein) collectively spent 8.40 hours drafting, revising, further revising, and finalizing the four-page letter motion to the Court. This is not a reasonable amount of time - it should reasonably have taken about half the time, about an hour per page.

6. It is not clear how Ms Ferris's legal research on January 8, 2021 is different from Mr. Alamgir's legal research.

7. It is unreasonable for two attorneys to spend 18 minutes between them "analyzing" what appears to be the same scheduling order (Jan. 11, 2021).

8. Mr. Alamgir, Mr. Gutstein, and Mr. Solomon all bill for the same task of reading our response to your letter, albeit on different days (Jan. 15, 16, 19).

9. Mr. Solomon block-billed for several tasks on Jan. 19, including the reading of our response that was duplicated by Mr. Alamgir and Mr. Gutstein, and the preparation of oral argument outline that was duplicated by Mr. Gutstein. Nor is it clear how much of Mr. Alamgir's work in "analyzing potential arguments" was duplicated.

Hon. Brian M. Cogan, U.S.D.J.
March 29, 2021
*Panora v. Deenora Corp.*, No. 19-cv-07267 (BMC), (E.D.N.Y.)
Page 3 of 3

  When these deficiencies in the billing are corrected for, Mr. Gutstein goes from billing 2.60 to 1.50 hours; Mr. Solomon from 9.90 hours to 8.20 hours; Mr. Alamgir from 13.80 hours to 12.10 hours; and Ms Ferris from 0.40 hours to 0.00 hours. *See attached*. We respectfully request that their hours be so reduced.

  Conclusion

  Applying the above reductions, Defense counsel's fees go from $10,169.00 to $5,405.00. This is a reasonable fee, and a reasonable sanction for the conduct complained-of.

  We thank the Court for its attention to and consideration of this matter.

           Respectfully submitted,
           TROY LAW, PLLC

           */s/ John Troy*
           John Troy, Esq.
           *Attorney for Plaintiffs*

cc: via ECF
  all counsel of record